ORIGINAL    *150-16*  June 12, 2016 (Sunday)

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

No. _____

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 17 2016

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

Abel Acosta, Clerk

Robert Martinez
Appellant

V.

STATE OF TEXAS
Appellee

Appealed From The Fourth Court of Appeals
San Antonio   COA No. 04-14-00555-CR
From the Trial Court Case No. 307125
County Court at Law No. 5

# MOTION FOR REHEARING

TO THE HONORABLE JUDGES OF SAID COURT:

Comes Now, Robert Martinez, TDCJ ID No. 1931397, BCADC SID No. 327074, Appellant, "Pro Se" and files this his MOTION FOR REHEARING, and in support thereof would respectfully show the Court

as follows:

1. Appellants petition for discretionary review was filed on 3-16-2016 and was refused on 5-4-2016 (CCANo. PD-0150-16) in this Court.

2. Appellant with extra due dilgence for over a 2½ year period has made Notice to the Courts with every mean available and known to him of the serious repeated violations to his fundamental constitutional rights to use the court. These rights are based on the First, Fifth and Fourteenth Amendments to the United States Constitution.

Appellant for over a 2½ year period has made Notice of the grossly inadequate law library, the meaingless law library writ room access the mishandling of his legal papers by staff and mail room personeal. The clerks arbitrary and capricious filing of his legal papers, lost and missing court filing. The ill trained, undertrained and untrained law library staff. The outdated, torn, dirty books, pages missing, incomplete volumes, the long lines and wait(s), for legal resources.

Appellant on May 24, 2016 was relocated ~~back~~ again to the Bexar County Adult Detention Center `BCADC`. Appellant has been unable to secure meaningfull Law Library writ room access. In fact at this writing appellant has been afforded No more than 50 min of tatol Law Library Writ room Access from May 24, 2016 through June 12, 2016.

Appellant is of indigent status and cannot afford to purchase his own law books. Appellant does not own or ~~had~~ have access to the Texas Rules of Appellate procedure. Appellant is unable to review the rules for properly filing of this <u>Motion For Rehearing</u>. Appellant prays that because he is of indigent status unable to purchase books and the fact he continues to be denied meaingfull law library writ room Access such Not be held against him. Appellant files this Motion to the best of his ability. Appellant is unable to secure Shepard cites, authorities or even follow the proper format due to the Access to court violations. Appellant through No fault of his own is able to review the Rules for Appellate procedures specificaly Rehearing and that such Not be held against him.

In fact Appellant on June 4, 2016 filed a 'BCADC' grievace to wit.
"I am a Pro Se litigant, in fact my own attorney. I am of indigent status and a natural person a citizen of a sovereign state. I seek to exercise my fundamental constitutional right to use the court. The right is based on the First, Fifth and Fourteenth Amend. of the Const. The Supreme Court established that prisoner, as myself, have a fundamental right to access the courts Ex parte Hull, 312 U.S. 546 (1941) Johnson V. Avery 383 U.S. 483 (1969), and Bonds V Smith, 430 U.S. 817 (1977). I was bench warranted on 5-24-2016 and housed (CCK-43) on 5-25-2016. On 5-26-2016 I requested to attend the Law Library writ room and was advised since I did not go on Tue 5-24-16 I could not attend on Thursday On 5-30-16, I was advised that due to memorial day, session would be held on 5-31-16 (Tue.) I signed the necessary list so I could attend at 8:30 a.m. At approximately 8:35 an altercation occured on the left side of CK and I was advised due to the code 2 that the Law Library would be not available to me. I requested each day then there after and advise I must wait for the following week 6-6-16 through 6-10-16. I received 'No' writ room Access for the week of 5-25-16 through 5-27-6 And No writ room Access for the week of 5-30-16 through 6-6-16 Access to Court Violation" see exhibit <u>A</u>

Notice on June 4, 2016, inmate Jack Valdez #969977 files his BCADC grievance to wit.
"We were not allowed to go on Monday because of Memorial day so on Tuesday I signed-up 5-31-16. But because there was a fight on the otherside We were Not allowed to go to the Law Library All week. I need to research my case and get motions."

see exhibit ___B___

Notice ON June 5, 2016 Inmate Jesus Alvirez #948980 files his 'BCADC' grievance to wit:

"On 5-31-2016 I signed to go to the Law Library. But because there was a fight on the outerside. No one was allowed to go to the law library I Need to get legal addresses And Motions for my case."

see exhibit ___C___

On June 8, 2016 Appellant filed another BCADC grievance to wit:

"I am housed in 'living Unit ck. The Unit is divided into the Left side and right side. I live on the Right side where cells 11-20 bottom and 33-44 are top tier. My cell is the second to the last from the end and furthest from the stair case. On the above captioned date %o called-out via intercome system "Law Library, Law Library" I've got only so many spots. Shortly thereafter doors were rolled-open And a stampead issued. for positiong. As aforementioned I am top tier 2nd to last door and really have NO chance at signing up for Law Library Writ Room Access. This will be the 3rd week I am stuck-at with No Law Library Access. I am a Pro Se litigant with Active pending litigation Time sensentive"

see exhibit ___D___

Appellant has submitted and filed over (2) dozen Bexar County Adult Detention Center INmate's GrieuANCe Form(s) to include the Necessary Appeal. To include Texas Department of Criminal Justice Step 1 & step 2 offender GrieuANce Form(s)

To include issues of Fifth and Foorteenth Amendments "due process of law" violations, retaliation, harassment The meaingless law library writ room Access at times less than 30 mins per week. The out dated books, the torn And missing book, pages riped-out And cut-out, the ill trained personel, the inability to obtain help from other inmates or State Counsel for Offenders, the prison policy for obtaining shepard cites And books, the policy to obtain books via the Intra Law Library Loan program.

The aforementioned violations are NOT New but "on-going and repetitious." Appellant does not seek his writ of habeas corpus to protract. but only requests that the merits be addressed. Appellant filed his writ because he believes he is entitled to the relief he seeks.

3. Appellant on Dec. 13, 2013 placed in the Bexar County Adult Detention Center `BCADC` internal prison mailing system his verified, Application for Writ of Habeas Corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure properly wrapped, first class postage pre-paid for filing with the County Clerk's Office Bexar County Texas Gerard Rickhoff, Bexar County Courthouse, 100 Dolorosa, ste. 104, San Anto, Tx 78205-3083 The Writ of habeas corpus was filed stamped-marked on Dec. 19, 2013 See exhibit A E

# ISSUES PRESENTED

Where Appellant's rights to Access the Court violated And did it cause actual injury.

The Supreme Court established that prisoners have a fundamental right to access the courts in a series of important cases, including Ex parte Hull, 312 U.S. 546 (1941), Johnson v. Avery, 383 U.S. 483 (1969), and Bounds v. Smith, 430 U.S. 817 (1977). This right allows inmates to file habeas petitions. The right is so fundamental that it requires a prison to fund a way for inmates to have meaningful access to the court. Prisons can do this in different ways. They can give access to a decent law library OR they can hire people to help with my case(s).

Appellant has made repeated Notice of his inability to obtain meaningfull access to the law library research materials.

Appellant MUST rely on the grossly inadequate Law Library And the ill trained Law Library staff.

In fact Appellant was provided a 2 page download at the 'BCADC' Law Library by a female staff member who advised appellant since you were on probation

you should file a writ of habeas corpus pursuant to Art. 11.072 of the Texas Code of Criminal Procedures. Appellant has mailed for filing the actual statues, the actual download the female staff member provided appellant. Due to the extremely limited law library writ room access appellant relied on the advise. Appellant believing that he MUST now obtain the Necessary 11.072 forms wrote the courts. Appellant on Sept 24, 2013 over 2½ years ago wrote the Honorable District clerk's office, Bexar County Texas "requesting in Good Faith for a copy of Article 11.08 and Article 11.072 writ of habeas corpus" see exhibit E Note the exhibit E is Filed stamped marked Sept 30, 2013 over 2½ years. ago.

Furthermore, appellant was provided another download by the law library female staff member. Appellant used the download to tailor his writ of habeas corpus in his cell and on Dec. 19, 2013 filed his writ of habeas corpus See exhibit E

Appellant on Feb 4, 2014 was transported to the County Court at Law No. 5, where a hearing was held under appellant objections. Appellant is <u>poor</u> and been unable to obtain a copy of the transcript. But it is clear that Appellant made his "objections" to the hearing been held without due notice as required by law. It must be pointed out that at one point the Hon. J. Puillman advises appellant...so you have a felony D.W.I in the 186th District court, I will forward your writ to Ms Herr (the judge for said court).

Appellant believed the Honorable J. Puillman and waited to get conformation from the courts that his writ had been forwarded.

After months of NO ACTION, NO RESPONSES, Appellant again began to file papers w County Court No 5. And the 186th

Appellant is eventually appointed counsel. P. Montogmery. who would not communicate with appellant.

Appellant had to resort to assistance from the State Bar of Texas. to finally receive a letter from Attorney P. Montegomery.

The clerks filing and the record will clearly show that appellant did not ask or want appointed counsel. P. montgomery was not working as appellant's advocate. P. montgomery refused to contact appellant. Appellant resorted to another long drawn-out program provided by the State Bar of Texas CAAP to force P. montgomery to communicate with appellant

On June 23, 2015 appellant finally after months and months of writing the courts, P. montgomery, State Bar of Texas receives letter dated June 23, 2015 from the State Bar of Texas 'CAAP' And letter dated June 23, 2015 from mr P. montgomery. with a copy of the already filed brief for the Appellant    see exhibit ___G___

Appellant will learn that from the date of Feb 4, 2014 when appellant is brought to C.C. No 5 for a hearing And the filed brief by P. montgomery Another hearing was held. Appellant was never

provided with the date. The findings or even told that a hearing was held. It is fundamentaly unfair to rule against appellant in that he failed to explan why he filed an 11.072 when he is not told the courts, ruled against his writ, because he filed under an 11.072.

How can Appellant object to a ruling he is not provided with. It is clear by the record appellant has requested to be made aware of all important descions being made in his case. The record will show over and over and again where appellant pleads the courts advise him of all important descions Appellant was without counsel when the Hon. Jason Pulliman Presiding Judge County Court at Law No 5 on Jul 8 2014

ORDER

to wit:

After considering Applicant's Writ(s) of Habeas Corpus and conducting a hearing, the Court denies the Applicant's request(s) for relief because the Applicant was not on community supervision, at the time the applicant was filed as set forth in Article 11.072(2)(b).

Appellant at this writing attest under penalty of perjury that he has NEVER been affored a copy of the courts finding of fact and conclusion of law.

Appellant prays this court allow him the record and to include transcribed hearing so he is able to properly show the courts he is entitled to the relief he seeks. He further prays that this Hon. Court grant a Rehearing to determine the aforementioned facts as this court deems necessary

Respectfully submitted

# UNSWORN DECLARATION BY INMATE

I, _Robert Martinez_, SID _327074_

Being presently incarcerated in the Bexar County Adult

Detention Center, San Antonio, Texas declare under Penalty of

Perjury that the foregoing instrument is true and correct.

Signed on this the 12 day of _June_ ,2016.

_____
Defendant

# Exhibit A

## 2 pages

BCADC grievance   date 6-4-16

No Law Library writ room Access

# BEXAR COUNTY ADULT DETENTION CENTER
## INMATE'S GRIEVANCE FORM

NAME Martinez Robert    SID # 327074    DOB 12 March 1964

DATE 6-4-16    INCIDENT DATE/ TIME Week of 5-30-16 through 6-3-16    HOUSING UNIT CK-43

State incident or problem as clearly and briefly as possible. (use additional forms or plain paper if necessary.) Place form in the box marked Grievance, the unit mail box or give to Living Unit Officer. You will receive your response through the mail. You can obtain additional grievance forms from Living Unit Officer. Do not attach any items or materials to grievance form. I Am a ProSe litigant, in fact my own attorney. I Am of indigent status and a Natural person, a citizen of a sovereign state. I seek to exercise my fundamental constitutional right to use the court. This right is based on the First, Fifth and Fourteenth Amend. of the Const. The Supreme Court establised that prisoner, as myself, have a fundamental right to access the courts. Ex parte Hull, 312 U.S. 546 (1941) Johnson V. Avery 383 US. 483 (1969), and Bounds V. Smith, 430 U.S. 817 (1977). I was bench warranted on 5-25-2016 And housed (C4-43) on 5-25-2016. On 5-26-2016 I requested to attend the Law Library Writ room And was advised since I did Not go on Tue 5-24-16

PROPOSED SOLUTION TO PROBLEM Provide meaingful Writ Room Access Provide policy.

_____
INMATE'S SIGNATURE

********************FOR OFFICIAL USE ONLY * DO NOT WRITE BELOW THIS LINE *********************

RECEIVED BY_____ DATE_____ CASE #_____ CODE_____

_____ INVESTIGATED BY_____
_____ REFERRED TO _____ DATE_____
_____ REJECTED (Include rational for reject in response)
_____ NO ACTION REQUIRED (Include reason in response)

### GRIEVANCE SUMMARY RESPONSE

_____
_____
_____
_____
_____

PROCESSED BY_____    REVIEWED BY _____
Grievance Officer                          Grievance Supervisor
                                          Date:_____

GREEN COPY TO FILE
WHITE COPY TO REFERRED SECTION
GOLD COPY RETURNED TO INMATE WITH RESPONSE
PINK COPY RETAINED BY INMATE

FORM 351-44 (8-11)

# BEXAR COUNTY ADULT DETENTION CENTER
## INMATE'S GRIEVANCE FORM

NAME Martinez Robert  SID # 327074  DOB 12 March 1964

DATE 6-4-16  INCIDENT DATE/TIME Week of 5-30-2016 thruy 6-3-16  HOUSING UNIT CK-43

State incident or problem as clearly and briefly as possible. (use additional forms or plain paper if necessary.) Place form in the box marked Grievance, the unit mail box or give to Living Unit Officer. You will receive your response through the mail. You can obtain additional grievance forms from Living Unit Officer. Do not attach any items or materials to grievance form. I could not attend on Thursday. On 5-30-16, I was advised that due to Memorial day, session would be held on 5-31-16 (Tue.) I signed the necessary list so I could attend at 8:30 a.m. At approx. 8:35 an altercation occured on the left side of CK. And I was advised due to the Code 2 that the Law Library would be not available to me. I requested each day then there after and advise I must wait for the following week 6-6-16 through 6-10-16. I received 'No' writ room Access for the week of 5-25-16 through 5-27-16 AND No writ room Access for the week of 5-30-16 through 6-6-16. Access to Court violations

PROPOSED SOLUTION TO PROBLEM Provide meaingful Writ Room Access Provide policy

_____
INMATE'S SIGNATURE

*****************FOR OFFICIAL USE ONLY * DO NOT WRITE BELOW THIS LINE *****************

RECEIVED BY_____ DATE_____ CASE #_____ CODE_____

_____ INVESTIGATED BY_____
_____ REFERRED TO _____ DATE _____
_____ REJECTED (Include rational for reject in response)
_____ NO ACTION REQUIRED (Include reason in response)

### GRIEVANCE SUMMARY RESPONSE

_____
_____
_____
_____
_____

PROCESSED BY_____  REVIEWED BY _____
        Grievance Officer                    Grievance Supervisor
                                          Date:_____

GREEN COPY TO FILE
WHITE COPY TO REFERRED SECTION
GOLD COPY RETURNED TO INMATE WITH RESPONSE
PINK COPY RETAINED BY INMATE

FORM 351-44 (8-11)

# Exhibit B

BCADC grievance dated 6-4-16
by inmate Jack Valdez
#969977

No Law Library Access

# BEXAR COUNTY ADULT DETENTION CENTER
## INMATE'S GRIEVANCE FORM

NAME _Jack Valdez_ SID # _969977_ DOB _10-18-93_

DATE _6-4-16_ INCIDENT DATE/ TIME _Tuesday 5-31-16_ HOUSING UNIT _CK-35_

State incident or problem as clearly and briefly as possible. (use additional forms or plain paper if necessary.) Place form in the box marked Grievance, the unit mail box or give to Living Unit Officer. You will receive your response through the mail. You can obtain additional grievance forms from Living Unit Officer. Do not attach any items or materials to grievance form.

We were not allowed to go on Monday because of Memorial day so on Tuesday I signed up 5-31-16. But because there was a fight on the other side we were not allowed to go to the Law Library. All week. I need to research my case. And get motion.

PROPOSED SOLUTION TO PROBLEM _Explain why all week we cannot go to the Law Library when a fight happens somewhere else._

_____
INMATE'S SIGNATURE

****************** FOR OFFICIAL USE ONLY * DO NOT WRITE BELOW THIS LINE ******************

RECEIVED BY_____ DATE_____ CASE #_____ CODE_____

_____ INVESTIGATED BY_____
_____ REFERRED TO _____ DATE_____
_____ REJECTED (Include rational for reject in response)
_____ NO ACTION REQUIRED (Include reason in response)

### GRIEVANCE SUMMARY RESPONSE

_____

_____

_____

_____

_____

PROCESSED BY_____ REVIEWED BY _____
Grievance Officer                        Grievance Supervisor
                                         Date:_____

GREEN COPY TO FILE
WHITE COPY TO REFERRED SECTION
GOLD COPY RETURNED TO INMATE WITH RESPONSE
PINK COPY RETAINED BY INMATE

FORM 351-44 (8-11)

Exhibit C

BCADC GRIEVANCE date 6-4-16

Inmate Jesus Alvirez
948980

No Law Library Access

# BEXAR COUNTY ADULT DETENTION CENTER
## INMATE'S GRIEVANCE FORM

NAME _Jesus Alvirez_ SID # _908980 (948980)_ DOB _6-1-1994_

DATE _6-5-16_ INCIDENT DATE/ TIME _5-31-16 8:35 A.m (approximately)_ HOUSING UNIT _CK-48_

State incident or problem as clearly and briefly as possible. (use additional forms or plain paper if necessary.) Place form in the box marked Grievance, the unit mail box or give to Living Unit Officer. You will receive your response through the mail. You can obtain additional grievance forms from Living Unit Officer. Do not attach any items or materials to grievance form.

On 5-31-2016 I signed-up to go to the law library. But because there was a fight on the otherside. No one was allowed to go to the law library. I need to get legal addresses and Motions for my case.

PROPOSED SOLUTION TO PROBLEM _Please advise me why if there is a problem somewhere else is my law library access denied._

_____ INMATE'S SIGNATURE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* FOR OFFICIAL USE ONLY \* DO NOT WRITE BELOW THIS LINE \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

RECEIVED BY_____ DATE_____ CASE #_____ CODE_____

_____ INVESTIGATED BY_____

_____ REFERRED TO _____ DATE_____

_____ REJECTED (Include rational for reject in response)

_____ NO ACTION REQUIRED (Include reason in response)

### GRIEVANCE SUMMARY RESPONSE

PROCESSED BY_____ REVIEWED BY _____

Grievance Officer            Grievance Supervisor

Date:_____

GREEN COPY TO FILE
WHITE COPY TO REFERRED SECTION
GOLD COPY RETURNED TO INMATE WITH RESPONSE
PINK COPY RETAINED BY INMATE

FORM 351-44 (8-11)

Exhibit D

BCADC grievance dated June 8, 2016

No Law Library Access

3rd Week

# BEXAR COUNTY ADULT DETENTION CENTER
## INMATE'S GRIEVANCE FORM

NAME _Martinez Robert_ SID # _327074_ DOB _3-12-64_

DATE _June 8, 2016_ INCIDENT DATE/ TIME _Tuesday June 7, 2016_ HOUSING UNIT _CK-43_

State incident or problem as clearly and briefly as possible. (use additional forms or plain paper if necessary.) Place form in the box marked Grievance, the unit mail box or give to Living Unit Officer. You will receive your response through the mail. You can obtain additional grievance forms from Living Unit Officer. Do not attach any items or materials to grievance form. I Am housed in living Unit CK. The Unit is divided into the Left side And rights side. I live on the right side where cells 11-20 bottom And 33-44 are top tier. My cell is the second to the last from the end And furthest from the stair case. On the above captioned incident date. S/o called out via intercome system. Law Library, Law Library I've got only so many spots. Shortly there after doors were rolled open And a stamped issued for positioning As aforementioned I am top tier 2nd to last door And really have no chance At signing up for Law Library Writ Room Access. This will be the 3rd week I Am stuck-out with No Law Library Access. I Am a Pro Se litigant with Active pending litigation. Time sensentive.

PROPOSED SOLUTION TO PROBLEM _Allow me the minimum hours per week to attend Law Library Writ room. Was unable to have Paupers Oath Verified._ cc: Courts

I Need Notary Service!

_[signature]_

INMATE'S SIGNATURE

★★★★★★★★★★★★★★★★★ FOR OFFICIAL USE ONLY ★ DO NOT WRITE BELOW THIS LINE ★★★★★★★★★★★★★★★★★★

RECEIVED BY_____ DATE_____ CASE #_____ CODE_____

_____ INVESTIGATED BY_____
_____ REFERRED TO_____ DATE_____
_____ REJECTED (Include rational for reject in response)
_____ NO ACTION REQUIRED (Include reason in response)

### GRIEVANCE SUMMARY RESPONSE

_____

_____

_____

_____

_____

PROCESSED BY_____ REVIEWED BY _____
    Grievance Officer          Grievance Supervisor
                            Date:_____

GREEN COPY TO FILE
WHITE COPY TO REFERRED SECTION
GOLD COPY RETURNED TO INMATE WITH RESPONSE
PINK COPY RETAINED BY INMATE

FORM 351-44 (8-11)

# Exhibit E

File stamped    Dec. 19, 2013

Application for Writ of Habeas Corpus

WRIT NUMBER : 2542

TRIAL COURT NUMBER : 307125

FILED IN MY OFFICE
GERARD RICKHOFF
COUNTY CLERK BEXAR CO.
13 DEC 19 AM 11: 07

Ex Parte § IN THE COUNTY COURT

§

Robert Martinez § 5th County Court

§ BEXAR County, Texas

Application for Writ of Habeas Corpus
Pursuant to Article 11.072
Of the Texas Code of Criminal Procedure

Submitted by:



Robert Martinez
BCADC SID No. 327074
200 N. Comal
San Anto, Tx 78207

STATE OF TEXAS CO. NTY OF TEXAS
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may hav
been lawfully affixed to redact confidential personal
information but is otherwise a full, true and correct
on file and of record in my offi

MAY 27 2013

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

DEPUTY

HEARING REQUESTED

# I. IDENTITY OF PARTIES AND COUNSEL

1. <u>Robert Martinez</u>, Applicant, Bexar County Adult Detention Center, 200 N. Comal, San Antonio, Tx 78207.

2. <u>Frank Teveni</u>, Attorney for Applicant at trial where probation was granted, 1017 North Main, Suite 222, San Anto., Tx 78212. Tel: (210)226-0851

3. <u>Vincent D. Callahan</u>, Attorney for Applicant at trial for Motion to Revoke Probation, Laurenl Height, P.O. Box 12141, San Antonio, Tx 78212-3007 phone: (210) 737-3404

4. <u>MARK LuiTjen</u>, Bexar County Assistant Criminal District Attorney for the State of Texas when Applicant was granted probation

5. <u>Victor Quintanilla</u>, Bexar County Assistant Criminal District Attorney for the State of Texas when Applicant probation was revoked.

6. <u>Hon. Benjamin N. Samples</u>, Judge at time of trial(s) County Court at Law No. 5, Bexar County, Texas.

7. <u>Hon. Jason Pulliam, Presiding Judge</u>, 5th County Court at Law, Bexar County, Texas.



STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
the page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAY 21 2013

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____ DEPUTY

2

# TABLE OF CONTENTS

I   IDENTITY OF PARTIES AND COUNSEL                     2

II   TABLE OF AUTHORITIES                               4

III   INDEX OF EXHIBITS                                 5

IV  CONFINEMENT, RESTRAINT, AND REQUESTED RELIEF   7

V   STATEMENT REGARDING HEARING                        8

VI  PROCEDURAL HISTORY                                 9

VII  FACTS                                             11

VIII  GROUNDS FOR RELIEF                               12

IX  Conclusion AND PRAYER                              42

X   VERIFICATION "OATH BEFORE NOTARY PUBLIC"  43

XI  PURSUANT TO FEDERAL LAW—DEEM FILED  44

XII  CERTIFICATE OF SERVICE                            45

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED

MAY 27 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



BY:_____
DEPUTY

3

# II TABLE OF AUTHORITIES

Ex parte Chambers, 612 S.W.2d 572 (Tex. Crim. App. 1981) ....

Ex parte Commins, 169 S.W. 3d 752 (Tex. App Fort Worth 2005, no pet.) ....

Villanueva V. State, 252 S.W.3d 391 (Tex. Crim. App 2008)...

Statutes and Rules

Tex. Code Crim Proc. Art. 11.072 ....passim

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:
MAY 27 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: ____________
DEPUTY

# III INDEX OF EXHIBITS

Exhibit 1    AFFIDAVIT FOR WARRANT OF ARREST/ No. 307125
Criminal information

Exhibit 2    Judgment Cause No 307125/
Probation Granted; May 18, 1983
Attorney for applicant; Frank Teveni

Exhibit 3    MOTION TO REVOKE PROBATION
Cause No. 307125, dated April 25, 1984

Exhibit 4    MOTION AND ORDER TO REVOKE PROBATION
Signed and entered of record 9th January 1986
Cause No. 307125

Exhibit 5    Received of Martinez, Robert   No. 10332
March 07, 1986
Probation check No. 51996
Jan 9, 1986

Exhibit 6    Case Setting Form   Cause No. 307125
Dated: 4-29-83 ; Notice Atty's initials for defendant
No signature of applicant/defendant

Exhibit 7    AFFIDAVIT FOR WARRANT OF ARREST/ No 319377
CRIMINAL Information

Exhibit 8    CONDITIONS OF MISDEMEANOR Adult Probation
Cause No 307125, date May 18, 1983

MAY 27 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

DEPUTY

5

Exhibit 9    Judgment Cause No. 319377/
             January 9, 1986, to run concurrent with 307125

Exhibit 10   Form CAC-2 (Revised 1/6/78) - Order Appointing Counsel
             Cause No 319377
                     307125
             Signed by presiding Judge 9 Ja. A.D 1986

Exhibit 11   Letter from Attorney At Law Frank M. Teveni
             Counsel where probation was granted
             (2) two letters dated 24 Oct 2013, 8 Oct 2013
             AND State Bar of Texas / Bio Sheet

Exhibit 12   Pauper's Oath
             Certificate of Inmate Trust Account

Exhibit 13   (4) Case Setting Forms
             Labeled 13-A, 13-B, 13-C, 13-D

Exhibit 14   Certified copy  Criminal Docket Cause No 307125

Exhibit 15   Correspondences between trial Counsel where
             probation was revolked Vincent D. Callahan
             (4) letters  A, B, C, D

Exhibit 16   Supplementary Report
             Cause No 307,125
             No Action signed by Presiding Judge

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
I hereby certify that the foregoing is affixed may have
been lawfully altered to reflect confidential personal
information, but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY
DEPUTY

6

Exhibit 1

LINDENMUTH-NMGS DATA-DOCUMENTS

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Now comes the undersigned Assistant Criminal District Attorney of Bexar County, Texas, upon the affidavit of affiant, hereto attached and made a part hereof, and in behalf of said State presents in the County Court at Law No. 5 of Bexar County, Texas, that heretofore, to-wit: in said County of Bexar and State of Texas, and before the making and filing of this information,

on or about the 17TH day of APRIL, A.D., 1983, ROBERT MARTINEZ, JR., hereinafter called defendant, did then and there unlawfully operate a motor vehicle upon a public highway, there situate, while he the said defendant was under the influence of intoxicating liquor;

against the peace and dignity of the State.

CERTIFIED COPY CERTIFICATE
This page to which this certificate is affixed may be...
been lawfully offered to recent criminal judicial persons.
information and that the offense a digitized and correct
copy of the original on file and of record in my office.
ATTESTED:

MAY 2 7 2003

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



_____
Assistant Criminal District Attorney
of Bexar County, Texas

DEPUTY

AFFIDAVIT FOR WARRANT OF ARREST

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me the undersigned authority on this day personally appeared affiant, who, after being by me duly sworn on oath deposes and says that he has good reason to believe and does believe that in the County of Bexar and the State of Texas, and before the making and filing of this complaint, in the State and County aforesaid,

on or about the 17TH day of APRIL, A.D., 1983, ROBERT MARTINEZ, JR., hereinafter called defendant, did then and there unlawfully operate a motor vehicle upon a public highway, there situate, while he the said defendant was under the influence of intoxicating liquor;

against the peace and dignity of the State.

_____
Affiant

SWORN TO AND SUBSCRIBED before me this _21_ day of _April, '83_.

_____
Assistant Criminal District Attorney
of Bexar County, Texas

THE FOLLOWING FOR CLERK'S USE ONLY

NO. 307125                                    MG. NO. 152995

NAME: ROBERT MARTINEZ, JR., 3111 MARS
DRIVING WHILE INTOXICATED 6701L (B)
WITNESSES:
JORGE SPICER, 1209 MESON
MARGARITA SPICER, 209 MESON
GIL ESPINOSA, 5901 FLINN
PETE CASARAS, SAPD #189
ROBERT CASTILLON, #2157 SAPD
OFFENSE CODE 540401
SID NO. 327074
JN NO. 1-701-49

Exhibit 2

CC # 5

MINUTES OF SAID COURT, ENTERED IN VOL._____ PAGE_____ FEE BOOK VOL. 71 PAGE 361
PLEA OF GUILTY, TRIAL BY COURT

PROBATION GRANTED

| FINE | CLERK | TRIAL | D.A. | SHERIFF | LEOSF | STENO | CVCF | CJF | TOTAL |
|------|-------|-------|------|---------|-------|-------|------|-----|-------|
| $ 350.00 | $5.00 | $5.00 | $15.00 | $ 9.00 | $1.00 | $3.00 | $10.00 | $10.00 | $ 438.00 |

$20.00PBP

JAIL — 3 DAYS

PROBATION — TWO YEARS

THE STATE OF TEXAS

VS.

ROBERT MARTINEZ JR

JUDGMENT    CAUSE NO. 307125

OFFENSE_____
Operating a motor vehicle upon a public highway in Bexar County, Texas while under the influence of intoxicating liquor.

On this, the ___18th___ day of __MAY_____, A.D., 19_83___, the above entitled and numbered cause was called. The State of Texas appeared by her Assistant Criminal District Attorney, _____MARK LUITJEN_____ The defendant, ROBERT MARTINEZ JR_____, appeared in person and by counsel, _____ FRANK TEVENI_____ (The defendant, _____ appeared in person not represented by counsel, that the defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel.) Having been duly arraigned, defendant entered a plea of _GUILTY_____ to the offense charged in the information. And the defendant in open court waived his right to trial by jury. Thereupon the court admonished the defendant of the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the Court. The Court inquired as to existence of any plea bargaining agreement between the State and the defendant. (The Court was informed there was not any plea bargain.) (The Court was informed that there was a plea bargain agreement and that the defendant personally agreed to the terms of such agreement.) It plainly appearing to the Court that defendant was mentally competent and the plea was free and voluntary, the said plea of __GUILTY_____ was received by the Court and is now entered of record. Having heard said plea and having heard the evidence which was submitted, and having duly considered same, the court informed the defendant that it would (would not) follow any plea bargaining agreement and the Court found the defendant guilty of a misdemeanor, to-wit: _____ Operating a motor vehicle upon a public highway in Bexar County, Texas while under the influence of intoxicating liquor. and that said defendant committed said offense on _4/17/83_____ as charged in the information, and should be punished by

AT A FINE OF $350.00 AND COSTS OF COURT AND 3 DAYS IN JAIL

It is therefore CONSIDERED, ORDERED, and ADJUDGED by the Court that the said defendant is guilty of the offense of Operating a motor vehicle upon a public highway in Bexar County, Texas while under the influence of intoxicating liquor.

and that ___he be punished by confinement in the Bexar County Jail for _3_ days and by a fine of 350.00_____, and that the State of Texas do have and recover of h____ all costs in this prosecution expended.

On this, the _18th___ day of _MAY_____, A.D., 19_83_, this cause again being called, the State appeared by her Assistant Criminal District Attorney, _____MARK LUITJEN_____ The defendant appeared in person (representing ___ self) and by counsel, FRANK TEVENI_____ for the purpose of a hearing on said defendant's application for (Adult Probation) The Court, having duly considered all the matters presented is of opinion that Probation should be granted.

Therefore, it is ORDERED, ADJUDGED, and DECREED that the imposition of sentence (except that portion thereof pertaining to a fine of $350.00_____ and cost of prosecution $__88.00_ which are hereby Ordered executed) is suspended: The defendant is hereby placed on Adult Probation for a term of __TWO year(s), _0___ month(s) effective on the ___18th day of _MAY_____ and conditioned that the defendant fully complies with and abides by all the terms and conditions on Probation as are contained in the Order Granting Probation, which Order is attached hereto and made a part of this Judgment:

It is further ordered by the Court that the State of Texas do have and recover from said defendant (the fine heretofore imposed and) all costs of prosecution, for which execution may issue.

The Court thereupon fully advised the defendant of his appellate rights.

As it appearing that the defendant has been in jail, from the time of h____ arrest and confinement on the following date(s):

he is hereby given credit on this sentence from _____ to the date of this sentence for the time the said defendant has spent in jail in said Cause.

It is further Ordered by the Court that the State of Texas do have and recover from said defendant all costs of prosecution for which execution may issue.

SIGNED and ENTERED of Record this the __18th day of __MAY_____, A.D., 19_83_

_Benjamin N. Sample_

JUDGE, COUNTY COURT AT LAW NO. _____
BEXAR COUNTY, TEXAS

NO. 307,125

| THE STATE OF TEXAS | I | IN THE COUNTY COURT |
| VS. | I | AT LAW NO. 5 |
| ROBERT MARTINEZ, JR. | I | BEXAR COUNTY, TEXAS |

## MOTION TO REVOKE PROBATION

TO THE JUDGE OF SAID COURT: HONORABLE BENJAMIN N. SAMPLES

Now comes the Criminal District Attorney of Bexar County, Texas and would show the Court that the Defendant in the above styled and numbered cause was found guilty of the offense of _____ DRIVING WHILE INTOXICATED _____, and was placed on probation by the Court on the 18TH day of MAY A.D., 19 83 , for a period of 24 mos. years under the provisions of the Misdemeanor Probation Act of this State;

That thereafter, during the term of said probation, the defendant violated the terms and conditions therein in the following particulars, to-wit:

VIOLATED CONDITION NO. 1:
That thereafter and during the term of said probation, the defendant, ROBERT MARTINEZ, JR., in the County of Bexar and the State of Texas, and on or about the 23RD day of FEBRUARY, A.D, 1984, did then and there drive and operate a motor vehicle in a public place while the said defendant was intoxicated; against the peace and dignity of the State, in violation of Condition No. 1.

VIOLATED CONDITION NO. 5:
That thereafter and during the term of said probation, the defendant, ROBERT MARTINEZ, JR., in the County of Bexar and the State of Texas, did then and there fail to report to the Adult Probation Office, in person, for the months of July, August, and October, 1983; in violation of Condition No. 5.

VIOLATED CONDITION NO. 14:
That thereafter and during the term of said probation, the defendant, ROBERT MARTINEZ, JR., in the County of Bexar and the State of Texas, failed to make Supervisory Fee payments in the amount of $15.00 per month, through the Adult Probation Office of Bexar County, Texas, on or about the 18th day of the month, for the months of October, November, December, 1983; and March, 1984, in violation of Condition No. 14.

VIOLATED CONDITION NO. 15:
That thereafter and during the term of said probation, the defendant, ROBERT MARTINEZ, JR., in the County of Bexar and the State of Texas, and on or about September 18, 1983, failed to pay a Fine to County Court At Law No. 5, in the amount of $350.00, through the Adult Probation Office of Bexar County, Texas, in violation of Condition No. 15.

Premises considered, therefore, the Criminal District Attorney, Bexar County, Texas, moves the Court to cause a warrant to be issued for arrest of said Defendant, and that upon his arrest hearing be held and probation revoked in this cause, as the evidence and judgment of the Court thereon may warrant.

_____
Assistant Criminal District Attorney
Bexar County, Texas

## ORDER

The Clerk will issue capias for arrest of the Defendant in the above styled and numbered cause, directing that he be held to answer instanter to this Court for violation of the terms and conditions of his probation

DATE _____ 19 84

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

MAY 27 2015

_____
BENJAMIN N. SAMPLES JUDGE
COUNTY COURT AT LAW NO. 5
BEXAR COUNTY, TEXAS

DEPUTY

MINUTES OF SAID COURT, ENTERED IN VOL._____ PAGE_____     FEE BOOK VOL.: 89  PAGE ___422___

MOTION AND ORDER TO REVOKE PROBATION     HOLD TILL 3-7-86 *Wee Kends*                    SENTENCED 5

| FINE | CLERK | TRIAL | D.A. | SHERIFF | LEOSF | STENO | CVCF | CJF | TOTAL |
|------|-------|-------|------|---------|-------|-------|------|-----|-------|
| $ 165.0 | $15.00 | $5.00 | $15.00 | $ 9.00 | $1.00 | $3.00 | $ 10.00 | $ 10.00 | $ 253.00 |

$20.00PBP     WITH CREDIT FROM 4-17=83 to 4-18-83 AND FOR 5-11-84 AND FROM     10 DAYS
              2-23-84 TO 2-24-84 AND TO RUN CONCURRENT WITH 319377              IN JAIL

THE STATE OF TEXAS                          X          NO. 307125

     VS.                                    X     OFFENSE _____

     ROBERT MARTINEZ JR                     X     Operating a motor vehicle upon a public highway in Bexar County,
                                            X     Texas while under the influence of intoxicating liquor

On this the __9th__ day of __JANUARY__ , A.D., 19__86__ , came on to be heard the Motion heretofore filed in the above entitled and numbered cause to revoke the probation heretofore granted to said defendant, __ROBERT MARTINEZ JR__, on the __18th__ day of __MAY__ , __1985__ . The State appeared by her Assistant Criminal District Attorney, __VICTOR QUINTANILLA__ , the defendant appeared in person and by counsel, __VINCENT CALLAHAN__ , (the defendant represented h__ self and that the defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel.):

And it appearing to the Court that the defendant was served with a copy of said Motion in the time required by law, and that the evidence established that the defendant is the identical defendant in the above styled and numbered cause who was heretofore granted probation by this Court, and that the conditions of said probation, among others, were those provisions required by the Statutes;

And it further appearing that the evidence sustained the violations alleged of condition(s) __NO# 1 NO# 5 NO# 14 NO# 15__

in the Motion to Revoke Probation, the same being violations of the conditions of probation;

IT IS THEREFORE CONSIDERED, ORDERED, and ADJUDGED by the Court that the probation heretofore granted the defendant in the above styled and numbered cause be, and the same is, hereby set aside and is REVOKED.

The defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said defendant and his counsel (counsel waived) to pronounce sentence against him as follows:

"It is the Order of the Court that the defendant, __ROBERT MARTINEZ JR__ , is sentenced to serve a term of __-0-__ year(s), __-0-__ month(s), __10__ day(s), confinement (and to pay a fine of $ __165.00__ and costs of court $ __88.00__ .) The Sheriff of Bexar County is directed to immediately deliver the defendant to the Bexar County Jail, and said defendant shall be confined in said Bexar County Jail for a term of __-0-__ year(s), __-0-__ month(s), __10__ day(s) in accordance with the provisions of the law governing the Bexar County Jail."

It is further ORDERED that the sentence do begin and operate from _____
__1/9/86__ .

It is further ORDERED by the Court that the State of Texas do have and recover from said defendant (the fine, heretofore imposed, and) all costs of prosecution; for which execution may issue.

The Court thereupon advised the defendant of his appellate rights.

The said defendant is hereby remanded to the Jail of Bexar County so the Sheriff can obey the directions of this ORDER and SENTENCE.

As it appearing that the defendant has been in jail, from the time of h___ arrest and confinement on the following date(s): _____
__FROM 4-17-83 to 4-18-83 AND FOR 5-11-84 AND FROM 2-23-84 to 2-24-84__ to the date of this he is hereby given credit on this sentence from _____ sentence for the time the said defendant has spent in jail in said cause.

SIGNED, and ENTERED of Record this the __9th__ day of __JANUARY__ . 1986

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
...been lawfully afford to redact confidential information but the original is on file in my office...
CHECK #: 51996  AMOUNT: $165.00
ATTESTED:
MAY 2 7 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
DEPUTY

_____
JUDGE, COUNTY COURT AT LAW NO. __5__
BEXAR COUNTY, TEXAS

Exhibit 4

Exhibit 4

CERTIFICATE

THE STATE OF TEXAS I

COUNTY OF BEXAR I

I, ROBERT D. GREEN, Clerk of the County Court at Law No. **5**, of Bexar County, Texas, do hereby certify that the foregoing is a true and correct copy of the judgment of conviction and sentence in the cause styled, The State of Texas vs. ROBERT MARTINEZ JR , and being No. 307125 on the criminal docket of said court, and as appears in the criminal minutes of said court in volume _____, page _____, in such cause.

In testimony whereof witness my hand and official seal in the City of San Antonio, Texas, this 9th day of JANUARY , A.D., 19 86 .

ROBERT D. GREEN
Clerk, County Court at Law No. **5**

By _____
DEPUTY

HARLON COPELAND, SHERIFF
SHERIFF, BEXAR COUNTY, TEXAS

_____
DEPUTY

Exhibit 5

**Nº 10332**

San Antonio, Texas, 03-07, 1986

RECEIVED OF Martinez, Robert

the sum of One Hundred Sixty Two — DOLLARS

165.00 Fine of Martinez, Robert Case No. 307125

STATE OF TEXAS vs.

Court CC5 (Prob CC# 5-1996)

PAUL E. BAILEY, Director

$ 165.00 By _____ #1416 _____ Deputy

FORM 667



STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAY 27 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY _____
DEPUTY

Exhibit 5

CAUSE NO. 307125
MARTINEZ, JR, Robert
CC#5/Keller/th

DATE January 9, 1986

PROBATION REVOKED

#51996

No. 51996

January 9, 1986

San Antonio, Texas

Amount of $165.00

Officers' Special Fund, which I certify due him from monies on deposit

L. CEASAR GARCIA
ADULT PROBATION OFFICER

By _____

PAID BY
TREASURER'S CK.
NUMBER

TREASURY WARRANT
OFFICE OF
ADULT PROBATION , Bexar County

Payable through National Bank of Commerce of San Antonio, Texas

THE TREASURER
OF THE COUNTY OF BEXAR
STATE OF TEXAS

Will pay to     Harlon Copeland, Sheriff

Out of     Officers' Special Fund.

to the Credit of this Fund.
APPROVED FOR PAYMENT:

OLIVER LEWIS, JR.
COUNTY AUDITOR

By _____

1:114000 1151:   "0 421 874 "

| OFFICER'S SPECIAL FUND: | |
|---|---|
| APPRAISERS FEES | |
| COST DEPOSIT TRANSFER | |
| REFUNDS, OUT COUNTY ETC. | |
| OTHER OFFICERS FEES | |
| TRUST FUND | |
| MISD: | $165.00 |
| TOTAL | $165.00 |

REGISTERED NUMBER

COUNTY TREASURER

Exhibit 6

NO. 307125

THE STATE OF TEXAS

VS.

MARTINEZ, ROBERT JR.

IN THE COUNTY COURT

AT LAW NO. 5

OF BEXAR COUNTY, TEXAS

# CASE SETTING FORM

This case is set in County Court at Law No. 5 , Bexar County Courthouse, on

5-18-83 at 9:00 am , for:

☐ AIDE

☐ Detour

☒ Pre-trial conference

☐ Non-jury trial          ☐ Subpoena Witnesses

☐ Jury trial              ☐ Subpoena Witnesses

☐ Plea of guilty

☐ Probation hearing

☐ Other_____

on motion of:

☐ Attorney for State

☒ Defendant

**NO OTHER NOTICE WILL BE SENT AS A REMINDER.**

Notice of the above setting
is acknowledged.

Date 4-29-83

Recommendation_____

_____
Defendant

_____
Attorney for Defendant

_____
Attorney for State

FRANK M TEVENI
(Please Print Name & Address)

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file or of record in my office.
ATTESTED
WHITE—Defense Attorney
GREEN—Defendant
CANARY—County Clerk
PINK—Court Coordinator
GOLDENROD—State



GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:
DEPUTY

Exhibit 7

AFFIDAVIT FOR WARRANT OF ARREST

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me the undersigned authority on this day personally appeared affiant, who, after being by me duly sworn on oath deposes and says that he has good reason to believe and does believe that in the County of Bexar and the State of Texas, and before the making and filing of this complaint, in the State and County aforesaid,

on or about the 23rd day of FEBRUARY, A. D., 1984, ROBERT D. MARTINEZ, JR., hereinafter called defendant, did then and there drive and operate a motor vehicle in a public place while the said defendant was intoxicated;

against the peace and dignity of the State.

_____
Affiant
SWORN TO AND SUBSCRIBED before me this 27th day of February 1984.

_____
Assistant Criminal District Attorney
of Bexar County, Texas

THE FOLLOWING FOR CLERK'S USE ONLY

319377                                MG. NO.   166103

NAME: ROBERT D. MARTINEZ, JR., 1811 VALENCIA
DRIVING WHILE INTOXICATED 6701L (B)
WITNESSES:
OFF. ELIZONDO #236 SAPD
OFF. ESPINOSA #428 SAPD
OFFENSE CODE: 540401
SID NO.  327074

Exhibit 7

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Now comes the undersigned Assistant Criminal District Attorney of Bexar County, Texas, upon the affidavit of affiant, hereto attached and made a part hereof, and in behalf of said State presents in the County Court at Law No. 6 of Bexar County, Texas, that heretofore, to-wit: in said County of Bexar and State of Texas, and before the making and filing of this information,

on or about the 23rd day of FEBRUARY, A. D., 1984, ROBERT D. MARTINEZ, JR., hereinafter called defendant, did then and there drive and operate a motor vehicle in a public place while the said defendant was intoxicated;

against the peace and dignity of the State.

CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAY 27 2013

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

DEPUTY



_____
Assistant Criminal District Attorney
of Bexar County, Texas

Form 1187

ORDER SUSPENDING IMPOSITION OF SENTENCE AND GRANTING ADULT PROBATION (NON-JURY)

THE STATE OF TEXAS    NO. 307,125    IN THE COUNTY COURT AT LAW NO. 5
BEXAR COUNTY, TEXAS
VS.
ROBERT MARTINEZ, JR.    OFFENSE: DRIVING WHILE INTOXICATED

On this the 18th day of May, A.D. 19 83, in the above numbered and entitled cause, again appeared in open Court the State by her District Attorney, and the defendant Robert Martinez, Jr. in the person and by counsel, _____, for the purpose of a hearing on said defendant's application for Adult Probation: said defendant having heretofore, on the 18th day of May, A.D. 19 83, been duly and legally adjudged to be guilty of the offense of Driving While Intoxicated and his punishment assessed by judgment of this Court to be $350.00 fine, and three (3) days, ~~imprisonment~~ confinement in the Bexar County Jail.

And the Court is of the Opinion that Probation should be granted:

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the imposition of sentence is suspended and the Defendant is hereby placed on adult probation for a term of 24 mo. effective May 18, 1983 conditioned that said defendant:

1. Neither commit nor be convicted of any offense against the Laws of the State of Texas; or any other State or of the United States of America;

2. Avoid injurious or vicious habits and abstain from the illegal use of; controlled substances, dangerous drugs nor use alcoholic beverages;

3. Avoid places and persons of harmful or disreputable character, including places where controlled substances and dangerous drugs are illegally possessed, sold or used and not associate with persons who illegally possess, sell or use controlled substances and dangerous drugs and not associate with persons of Criminal records.

4. Obtain and keep gainful employment in a lawful occupation;

5. Report, in person, to the Adult Probation Officer of Bexar County, Texas on the 18th day of each month and when said day of the month falls on a Saturday, Sunday, or legal holiday; then you will report on the next working day;

6. Permit the Adult Probation Officer, or his Assistants, to visit you at your home, or elsewhere;

7. Remain within Bexar County, Texas, unless permitted in writing to depart by the Court and/or by the Adult Probation Officer;

8. Not leave the State of Texas, without the written consent of this Court filed among the papers of the cause;

9. Support your dependents that you now have or that you may acquire during the term of this probation;

10. Report any change of address, change of job or arrest to the Adult Probation Officer within 48 hours;

11. Will report to the Psychological Department of the Bexar County Adult Probation and Rehabilitation Office for diagnostic processing and evaluative procedures when directed.

12. Pay the Court costs in the amount of $88.00 within 10 days from and after May 18, 1983 through the Adult Probation Office, Bexar County, Texas;

13. Pay restitution in the amount of _____ through the Adult Probation Office of Bexar County, Texas, at the rate of: _____ per _____, the first payment due and payable on _____ and a payment of _____ due and payable every _____ day of each month thereafter until the amount of restitution has been paid.

14. Pay a supervisory fee to the County Court at Law No. 5, Bexar County, Texas through the Adult Probation Office, Bexar County, Texas, in the amount of $15.00 per month, on the 18th day of each month, beginning June 18, 1983 and continuing during the term of probation.

15. Pay a fine in the amount of $ 350.00 through the Adult Probation Office of Bexar County, Texas, at the rate of $ 87.50 per month, the first payment due and payable on 6-18-83, and a payment of $ 87.50 due and payable every 18th day of each month until the amount has been paid.

16. Pay Court Appointed Attorney Fees in the amount of $_____ through the Adult Probation Office of Bexar County, Texas at the rate of $_____ per month, the first payment due and payable on _____ and a payment of _____ due and payable every _____ day of each month thereafter until the amount of Court appointed Attorney Fees has been paid.

17. Will immediately report to and apply for: ALCOHOL EDUCATION #585 6-18-83 & 6-25-83 treatment and/or diagnostic evaluation to (Agency) AIOE, GREATER SAN ANTONIO SAFETY COUNC, AT 9500-1:00 (Address) 111 W. LAUREL SUITE 101 SAN ANTONIO TEXAS and will comply with all treatment, instructions, rules and tests directed by the head of or authorized personnel of this agency. You will remain in this program until discharged. Upon rejection or non-acceptance of any phase of this program or non compliance or discharge, you will immediately report to the Bexar County Adult Probation and Rehabilitation Office.

18. The defendant will submit to a period of detention in the Bexar County Jail to serve a term of imprisonment not to exceed 30 days; period of detention shall be for _____ to begin _____. Upon completing the term of imprisonment the defendant will immediately report to the Bexar County Adult Probation and Rehabilitation Office of Bexar County, Texas.

Benjamin N. Samples
JUDGE PRESIDING

YOU are hereby advised that under the Laws of this State, the Court shall determine the Terms and Conditions of your Adult Probation and may at anytime during the period of your probation, alter or modify the terms and conditions of your probation. THE COURT, ALSO, HAS THE AUTHORITY, AT ANY TIME DURING THE PERIOD OF YOUR PROBATION, TO REVOKE SAME FOR VIOLATION OF ANY OF THE CONDITIONS OF YOUR PROBATION SET OUT ABOVE. The Court has placed you on probation, believing that if you sincerely try to obey and comply with the conditions of your probation, your attitude and conduct will improve to the benefit of the public and of yourself.

I acknowledge receipt of a copy of the Conditions of Adult Probation and fully understand same.

Adult Probationer

A copy furnished to the above-named Probationer and noted on the docket this 18th day of May A.D. 19 83.

Address: 1311 Mires San Antonio Tx 78226

Adult Probation Officer
BEXAR COUNTY ADULT PROBATION AND REHABILITATION
601 Dolorosa, San Antonio, Texas 78207
Telephone: 227-0555

Clerk, County Court at Law No. 5
Bexar County, Texas.

Exhibit 8

THE STATE OF TEXAS   }

COUNTY OF BEXAR   }

**CERTIFICATE**

I, ROBERT D. GREEN, Clerk of the County Court at Law No. __5__, of Bexar County, Texas, do hereby certify that the foregoing is a true and correct copy of the judgment of conviction and sentence in the cause styled, The State of Texas vs. __ROBERT MARTINEZ JR__, and being No. __307125__ on the criminal docket of said court, and as appears in the criminal minutes of said court in volume _____, page _____ in such cause.

In testimony whereof witness my hand and official seal in the County of Bexar, Texas, this __8th__ day of __MAY__, A.D., 19 __83__.

ROBERT D. GREEN

CLERK, COUNTY COURT AT LAW NO. _____

BEXAR COUNTY, TEXAS

BY _____ Deputy

**SHERIFF'S RETURN**

Came to hand this _____ day of _____, A.D., 19_____,

and executed the _____ day of _____, A.D., 19_____,

SHERIFF, BEXAR COUNTY, TEXAS

BY _____ Deputy

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The copy to which this certificate is affixed may have been reformed, in whole or in part, to redact confidential personal information but is an accurate copy of the original document on file and of record in my office.

MAY 2 7 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY _____ DEPUTY

MINUTES OF SAID COURT, ENTERED IN VOL. _____ PAGE _____ FEE BOOK VOL. __89__ PAGE _____

Exhibit 9

PLEA OF GUILTY, TRIAL BY COURT   HOLD TILL 3-7-86                                    SENTENCED

| FINE | CLERK | TRIAL | D.A. | SHERIFF | LEOSF | STENO | CVCF | CJF | TOTAL |
|------|-------|-------|------|---------|-------|-------|------|-----|-------|
| $ 100.00 | $25.00 | $5.00 | $15.00 | $ 18.00 | $1.00 | $3.00 | $ 15.00 | $ 10.00 | $ 213.00 |

$21.00PBP   WITH CREDIT FROM 4-17-83 to 4-18-83 AND FOR 5-11-84 AND FROM        10 DAYS
            2-23-84 to 2-24-84 AND TO RUN CONCURRENT WITH 307125                IN JAIL

THE STATE OF TEXAS

VS.

ROBERT D MARTINEZ JR

JUDGMENT   CAUSE NO. __319377__

OFFENSE _____
Operating a motor vehicle upon a public highway in Bexar County,
Texas while under the influence of intoxicating liquor.

On this, the __9th__ day of __JANUARY__, A.D., 19_86_, the above entitled and numbered cause was called. The State of Texas appeared by her Assistant Criminal District Attorney, __VICTOR QUINTAILLA__. The defendant, __ROBERT D MARTINEZ JR__, appeared in person and by counsel, __VINENT CALLAHAN__ ‾‾(The defendant, _____, appeared in person, not represented by counsel, that the defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel.) Having been duly arraigned, defendant entered a plea of __NOLO__ to the offense charged in the information. And the defendant in open court waived his right to trial by jury. Thereupon the court admonished the defendant of the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the Court. The Court inquired as to existence of any plea bargaining agreement between the State and the defendant. (The Court was informed there was not any plea bargain.) (The Court was informed that there was a plea bargain agreement and that the defendant personally agreed to the terms of such agreement.) It plainly appearing to the Court that defendant was mentally competent and the plea was free and voluntary, the said plea of __NOLO__ was received by the Court and is now entered of record. Having heard said plea and having heard the evidence which was submitted, and having duly considered same, the Court found the defendant guilty of a misdemeanor, to-wit: Operating a motor vehicle upon a public highway in Bexar County, Texas while under the influence of intoxicating liquor,
and that said defendant committed said offense on __2-23-84__ as charged in the information, and should be punished by __AT A FINE OF $100.00 AND COSTS OF COURT AND 10 DAYS IN JAIL AND WITH CREDIT FOR TIME SERVED AND TO RUN CONCURRENT WITH 307125__

It is therefore CONSIDERED, ORDERED, and ADJUDGED by the Court that the said defendant is guilty of the offense of Operating a motor vehicle upon a public highway in Bexar County, Texas while under the influence of intoxicating liquor,
and that ___he be punished by confinement in the Bexar County Jail for __10__ days and by a fine of $ __100.00__, and that the State of Texas do have and recover of h___ all costs in this prosecution expended.

On this, the __9th__ day of __JANURY__, A.D., 19_86_, this cause being again called, the State appeared by her Assistant Criminal District Attorney, __VICTOR QUINTANILLA__. The defendant appeared in person (representing ___self) and by counsel, __VINCENT CALLAHAN__, for the purpose of having sentence of the law pronounced in accordance with the judgment of conviction heretofore entered against h___, and thereupon the defendant was asked by the Court whether ___he had anything to say why sentence should not be pronounced against h___, and ___he answered nothing in bar thereof. Whereupon the Court proceeded to pronounce sentence against h___ as follows: _____ __AT A FINE OF $100.00 AND COSTS OF COURT AND 10 DAYS IN JAIL AND WITH CREDIT FOR TIME SERVED AND TO RUN CONCURRENT WITH 307125__

IT IS THE ORDER OF THE COURT, that the defendant, __ROBERT D MARTINE JR__ who has been adjudged guilty of the offense of Operating a motor vehicle upon a public highway in Bexar County, Texas while under the influence of intoxicating liquor.

a misdemeanor, and whose punishment has been assessed by the Court at confinement in the Bexar County Jail for __7__ days and by a fine of $__100.00__ together with all costs in his behalf expended, be remanded to the custody of the Sheriff of Bexar County, Texas to be confined until all such costs and fines are paid and said term of confinement has expired. The Court thereupon fully advised the defendant of his appellate rights.

As it appearing that the defendant has been in jail, from the time of h___ arrest and confinement on the following date(s): __FROM 4-17-83 to 4-18-83 AND FOR 5-11-84 AND FROM 2-23-84 to 2-24-84=__

he is hereby given credit on this sentence from _____ to the date of this sentence for the time the said defendant has spent in jail in said Cause.

IT IS FURTHER ORDERED by the Court that the State of Texas do have and recover from said defendant all costs of prosecution for which execution may issue.

SIGNED and ENTERED of Record this the __9th__ day of __JANUARY__, A.D., 19_86_

JUDGE, COUNTY COURT AT LAW NO. __5__
BEXAR COUNTY, TEXAS

MAY 2 7 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEX.

DEPUTY

THE STATE OF TEXAS

COUNTY OF BEXAR

CERTIFICATE

I, ROBERT D. GREEN, Clerk of the County Court at Law No. **5**, of Bexar County, Texas, do hereby certify that the foregoing is a true and correct copy of the judgment of conviction and sentence in the cause styled, The State of Texas vs. ROBERT D MARTINEZ JR , and being No. 319377 on the criminal docket of said court, and as appears in the criminal minutes of said court in volume _____, page _____ in such cause.

In testimony whereof witness my hand and official seal in the County of Bexar, Texas, this 9th day of JANUARY , A.D., 19 *6 .

ROBERT D. GREEN
CLERK, COUNTY COURT AT LAW NO. **5**
BEXAR COUNTY, TEXAS

BY _____ Deputy

SHERIFF'S RETURN

_____ day of _____ , A.D., 19_____ ,
_____ day of _____ , A.D., 19_____ ,

SHERIFF, BEXAR COUNTY, TEXAS

BY _____ Deputy

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed ... may have ...
upon issuing ... Came to hand the ... persons ...
a true and executed the ... ... ...
... of the original on file and of record ... my offi...
ATTESTED:

MAY 27 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEX

BY: _____
DEPUTY

Form CAC-2 (Revised 1/6/..)

THE STATE OF TEXAS

VS.

Robert Martinez

CAUSE NO. 319377
307125

3 8 1-9-86
8 1-9-86
8 1-9-86

IN THE COUNTY COURT

AT LAW NO. 5

BEXAR COUNTY, TEXAS

Exhibit 10

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes _____, defendant in the above styled and numbered cause, and respectfully petitions the Court to appoint counsel to represent him in said misdemeanor cause and would show to the Court that he is too poor to employ counsel.

_____
Defendant

Sworn to and subscribed before me on this, the ___5___ day of ___Jun___, A.D., 19 84.

ROBERT D. GREEN, COUNTY CLERK

BY: _____
Deputy

### ORDER APPOINTING COUNSEL

On this, the ___5___ day of ___June___, A.D., 19 84, it appearing to the Court that the above named defendant has executed an affidavit stating that he is without counsel and is too poor to employ counsel, it is ordered that:

Honorable _Vincent D. Callahan_ is hereby appointed to represent the above named defendant in said cause.

Signed this ___9___ day of ___Je___, A.D., 19 56

_____
Judge Presiding

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### CERTIFICATE OF REPRESENTATION OF DEFENDANT AND REQUEST THAT COUNTY AUDITOR ISSUE PAYMENT WARRANT TO ATTORNEY

I certify that: Honorable _Vincent D. Callahan_ Attorney

Address ~~XXXXX~~ 205 N. Presa

Social Sec. No. 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

Represented _Robert Martinez_ Defendant

In Cause No. 319377  307125

He spent ___Six___ day(s) on

Date(s) 6-5-84   7-22-84
4-22-85  8-4-85  1-6-86 trial 1-8-6

and shall be paid ___ 300 ___ from the County Funds of Bexar County, Texas.

Please check the applicable box: Plea of Guilty ☑ Jury Trial ☐ Non-jury Trial ☐ Dismissed ☐

I further certify that said attorney has not been authorized to receive any compensation for other appointive services, in this court, on any date indicated above.

_____
Judge Presiding

### CERTIFICATE OF COUNTY AUDITOR

This is to certify that provision has been made in the Budget and funds are, or will be, on hand to pay this obligation when due, or in order of registration if payment is in scrip.

OLIVER LEWIS, JR., COUNTY AUDITOR

BY: _____
Assistant

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The copy to which this certificate is affixed is a full, true and correct photocopy of the original record now in my lawful custody and possession filed in my office.

MAY 27 YAM

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

DEPUTY



Exhibit 11

# FRANK M. TEVENI
### ATTORNEY AT LAW

1017 North Main, Suite 222
San Antonio, Texas 78212

Tel: (210) 226-0851

Fax: (210) 226-4486

October 28, 2013

Robert Martinez
BCADC SID No. 327074
200 N. Comal Street
San Antonio, Texas 78207

RE:  Your Letter of October 8, 2013

Dear Mr. Martinez:

This is in answer to your letter dated October 8, 2013, requesting that I return your completed file of April 17, 1983 where you were charged for a DWI offense.

I retain my client's files for five (5) years after they have been closed and/or completed. All personal documents in the file except for documents filed with the Court are returned to client before files are destroyed. Therefore, if I represented you in 1983, your file has been destroyed. You may be able to obtain the Court proceedings in your case by contacting the Bexar County Clerk's Criminal Division located at the Bexar County Courthouse.

Very truly yours,

FRANK M. TEVENI

FMT:bgh

cc:  State Bar of Texas
     Membership Department
     P.O. Box 12487
     Capital Station
     Austin, Texas 78711



STATE OF TEXAS
The page to which this is attached may have been lawfully altered to render confidential information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAY 27 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:
DEPUTY





# FRANK M. TEVENI
## ATTORNEY AT LAW

1017 North Main, Suite 222
San Antonio, Texas 78212

Tel: (210) 226-0851

Fax: (210) 226-4486

October 28, 2013

State Bar of Texas
Membership Department
P.O. Box 12487
Capital Station
Austin, Texas 78711

Dear Sir/Madam:

Enclosed is copy of the letter I received from Robert Martinez, an inmate at the Bexar County Jail, San Antonio, Texas. Also enclosed is a copy of my response to his letter.

Respectfully,

FRANK M. TEVENI

FMT:bgh
Enclosures

cc:     Robert Martinez
        BCADC SID No. 327074
        200 N. Comal Street
        San Antonio, Texas 78207



STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAY 2 7 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:

DEPUTY





**STATE BAR of TEXAS**

{ Back to Search Results }

<u>OVERVIEW</u>

<u>CONTACT AND MAP</u>

**Mr. Frank M. Teveni**
Bar Card Number: 19814000

Current Member Status
**Eligible To Practice In Texas**

Work Address: **Anderson Building**
**1017 N Main Ave Ste 222**
**San Antonio, TX 78212-4721**

Work Phone Number: **210-226-0851**
Primary Practice Location: **SAN ANTONIO , Texas**

In cooperation with

**License Information**
**Bar Card Number:** 19814000

**Texas License Date:** 11/28/1958

**Practice Information**
**Firm:** None Reported By Attorney

**Firm Size:** 2 to 5

**Occupation:** Private Law Practice

**Practice Areas:** None Reported By Attorney

**Services Provided:** Hearing impaired translation: **Not Specified**

ADA-accessible client service: **Yes**

Language translation: **Yes**

**Foreign Language** None Reported By Attorney
**Assistance:**

**Law Schools**
| Law School | Graduation Date | Degree Earned |
|---|---|---|
| St. Mary's University | 1958 | Bachelor of Laws |

**Public Disciplinary History**
**State of Texas**

| Sanction | Date of Entry | Sanction Date | Probation Date |
|---|---|---|---|



STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
This is to certify that this certificate ... been lawfully allowed to reduce confidential ... copy of the original on file and of record in my offic...
ATTESTED:

MAY 2 7 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
DEPUTY

Exhibit

| | Start - End | Start - End |
|---|---|---|

No Public Disciplinary History - Texas

*NOTE: Only Texas disciplinary sanctions within the past 10 years are displayed. For sanction information beyond 10 years, information about a specific disciplinary sanction listed above or to request a copy of a disciplinary judgment, please contact the Office of the Chief Disciplinary Counsel at (877) 953-5535. There is a $15.00 fee for each disciplinary judgment copied.*

**Other States**

| Sanction | State | Sanction Date Start - End |
|---|---|---|

None Reported By Attorney

**Statutory Profile Last Certified On:** 08/07/2003

*The Texas Attorney Profile provides basic information about Attorneys licensed to practice in Texas. Attorney profile information is provided as a public service by the State Bar of Texas as outlined in Section 81.115 of the Texas Government Code. The information contained herein is provided "as is" with no warranty of any kind, express or implied. Neither the State Bar of Texas, nor its Board of Directors, nor any employee thereof may be held responsible for the accuracy of the data. Much of the information has been provided by the attorney and is required to be reviewed and updated by the attorney annually. The information noted with an asterisk (\*) is provided by the State Bar of Texas. Texas grievance/disciplinary information will not appear on the profile until a final determination is reached. Access to this site is authorized for public use only. Any unauthorized use of this system is subject to both civil and criminal penalties. This does not constitute a certified lawyer referral service.*

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAY 2 7 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



BY:_____
DEPUTY

Exhibit
11

Anderson Building

San Antonio, TX 78212-4721

**Phone: 210-226-0851**

Download vCard

Show in Google Maps

Show in Google Earth

Back

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAY 2 7 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



BY:
DEPUTY

24 Octobert 2013

Attorney At Law
Frank Teveni
1017 N. Main. Ste 222
San Anto, Tx 78212.

RE: Second Good Faith Request
Return of my File
D.W.I., 4/17/83, cc#5

Robert Martinez
BCADC SID No 327074
208 N. Comal
San Anto, Tx 78207

<u>VIA U.S. MAIL</u>

Groetings:

Please allow this to serve as my Second Good Faith Request for a true and correct copy of my File. (First letter to your office dated 8 Oct. 2013).

In Hoc



STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAY 2 7 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____
DEPUTY

Page 1 of 1

8 October 2013

Attorney At Law
Frank Tovern
1017 N. Main Ave St 222
San Anto, Tx 78212

RE: RETURN OF FILE
D.w.I., 04/17/83, CC #5

Robert Martinez
BCADC SID No 327074
200 N. Comal
San Anto, Tx 78207

VIA U.S MAIL

Greetings:

PLEASE LET THIS SERVE AS MY FIRST GOOD FAITH REQUEST for a true And correct File above captioned. To include All papers.

In Hoe

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been electronically altered. I, redact comfidential personal examination but is otherwise a full, true and correct copy of the original on file and of record in my office

ATTESTED:
MAY 27 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____ DEPUTY



Cause NO. _307125_

Exhibit 2

THE STATE OF TEXAS

VS.

Robert Martinez

IN THE ~~DISTRICT~~ County COURT

_5th_ ~~JUDICIAL~~ 5th County DISTRICT

BEXAR COUNTY, TEXAS

## PAUPER'S OATH

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, __Robert Martinez__ Defendant in the above styled and numbered who deposes and says: That he is a citizen of the United States, and is the Defendant in the cause and feels he has a good and just cause of action; that he is an indigent person without funds and he is therefore unable to pay the costs of prosecuting the above and foregoing action or to give security thereof, and therefore requests the Court's permission to proceed in *forma pauperis*.

_____
Defendant

STATE OF TEXAS       *   *   *   *   *

COUNTY OF BEXAR    *   *   *   *   *

Before me, the undersigned authority, on this day personally appeared _Robert Martinez_, who stated on oath that the information contained in the forgoing instrument is true and correct.

Given under my seal of office on this the _3rd_ day _December_, _2013_

_____
Notary Public

SANDRA LYNN MALLOY
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-22-2015



*Exhibit 12*

# Susan Pamerleau
Sheriff
Bexar County, Texas

November 22 2013

I, Mary A. Villarreal hereby known as the Custodian of the Bexar County Sheriff's Department Inmate Trust Fund attest that the enclosed Statement is true and correct as of 19th November, 2013.

| NAME | SID# | DOB |
| --- | --- | --- |
| Robert Martinez, Jr. | 327074 | 1964/03/12 |

For any further information, please contact the undersign at (210)-335-6287

*Mary A. Villarreal*

Mary A. Villarreal

Banking Supervisor

BCSO-Inmate Trust Fund



Detention Administration * 200 N. Comal * San Antonio, Texas 78207 * (210) 335-6219 * Fax (210) 335-6199

Exhibit 12

# CERTIFICATE OF INMATE TRUST ACCOUNT

I, the undersigned authorized officer of the Bexar County Sheriff's Office where

Robert Martinez, Jr., Inmate ID No. 327074, is confined as a prisoner, do hereby certify that:

(1) On this day the prisoner has in his account the sum of $ 1.88

(2) During the past six months, the prisoner's:

Average monthly balance was $ 17.18

Average monthly deposits to the prisoner's account were $ 10.60

Attached is a certified copy of the prisoner's trust account statement (of institutional equivalent) showing transactions for the past six months.

Signed this 22ᵗʰ day of November, 2013.

Mary A. Villarreal

Banking Supervisor

BCSO, Inmate Trust Fund

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a true, full and correct
copy of the original on file and of record in my office.
ATTESTED:

MAY 2 1 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



BY: _____
                    DEPUTY

Bexar County Sheriff's Office

200 N. Comal

San Antonio, Texas 78207

# Inmate Balance History Report - Simple

Number: B201322138  Secondary: 327074  Location: ADC AH AH24 *Exhibit 12*

Name: MARTINEZ, ROBERT JR

| Transaction | Date | Total Amount | Running Balance | Running Owed | Running Other |
|---|---|---|---|---|---|
| TOUCHPAY KIOSK DEPOS | 06/18/2013 01:34:38PM | $20.00 | $20.00 | $0.00 | $0.00 |
| ORDER DEBIT | 06/19/2013 01:06:34AM | ($15.59) | $4.41 | $0.00 | $0.00 |
| COURT CHARGE | 06/19/2013 06:07:18PM | ($4.00) | $0.41 | $0.00 | $0.00 |
| TOUCHPAY KIOSK DEPOS | 06/25/2013 01:43:29PM | $18.55 | $18.96 | $0.00 | $0.00 |
| ORDER DEBIT | 06/26/2013 02:08:30AM | ($17.68) | $1.28 | $0.00 | $0.00 |
| TOUCHPAY KIOSK DEPOS | 07/02/2013 04:58:47PM | $20.00 | $21.28 | $0.00 | $0.00 |
| ORDER DEBIT | 07/03/2013 02:09:49AM | ($11.14) | $10.14 | $0.00 | $0.00 |
| COURT CHARGE | 07/04/2013 10:54:36AM | ($4.00) | $6.14 | $0.00 | $0.00 |
| ORDER DEBIT | 07/04/2013 02:09:01PM | ($6.14) | $0.00 | $0.00 | $0.00 |
| TOUCHPAY KIOSK DEPOS | 07/16/2013 04:57:32PM | $20.00 | $20.00 | $0.00 | $0.00 |
| ORDER DEBIT | 07/17/2013 03:22:43AM | ($18.89) | $1.11 | $0.00 | $0.00 |
| ORDER DEBIT | 07/18/2013 05:49:04PM | ($0.89) | $0.22 | $0.00 | $0.00 |
| TOUCHPAY KIOSK DEPOS | 07/31/2013 12:54:08PM | $25.55 | $25.77 | $0.00 | $0.00 |
| COURT CHARGE | 08/04/2013 05:50:38PM | ($5.11) | $20.66 | $0.00 | $0.00 |
| ORDER DEBIT | 08/05/2013 01:27:24AM | ($20.20) | $0.46 | $0.00 | $0.00 |
| TOUCHPAY KIOSK DEPOS | 08/06/2013 04:23:29PM | $45.55 | $46.01 | $0.00 | $0.00 |
| ORDER DEBIT | 08/07/2013 01:50:44AM | ($40.87) | $5.14 | $0.00 | $0.00 |
| ORDER DEBIT | 08/12/2013 01:22:21AM | ($3.99) | $1.15 | $0.00 | $0.00 |
| TOUCHPAY KIOSK DEPOS | 08/18/2013 12:41:00PM | $20.00 | $21.15 | $0.00 | $0.00 |
| ORDER DEBIT | 08/19/2013 03:10:17AM | ($14.90) | $6.25 | $0.00 | $0.00 |
| ORDER DEBIT | 08/26/2013 01:32:09AM | ($3.99) | $2.26 | $0.00 | $0.00 |
| TOUCHPAY KIOSK DEPOS | 08/27/2013 01:33:44PM | $20.00 | $22.26 | $0.00 | $0.00 |
| ORDER DEBIT | 08/28/2013 01:00:14AM | ($19.73) | $2.53 | $0.00 | $0.00 |
| MEDICAL CHARGE | 08/30/2013 06:26:52PM | ($3.00) | $0.00 | ($0.47) | $0.00 |
| TOUCHPAY KIOSK DEPOS | 09/03/2013 04:52:40PM | $50.00 | $49.53 | $0.00 | $0.00 |
| ORDER DEBIT | 09/04/2013 02:00:01AM | ($45.21) | $4.32 | $0.00 | $0.00 |
| ORDER DEBIT | 09/09/2013 01:38:18AM | ($3.58) | $0.74 | $0.00 | $0.00 |
| TOUCHPAY KIOSK DEPOS | 09/22/2013 05:30:15PM | $20.55 | $21.29 | $0.00 | $0.00 |
| COURT CHARGE | 09/22/2013 06:11:37PM | ($17.11) | $4.18 | $0.00 | $0.00 |
| ORDER DEBIT | 09/23/2013 01:13:50AM | ($3.99) | $0.19 | $0.00 | $0.00 |
| MEDICAL CHARGE | 09/26/2013 05:43:06PM | ($3.00) | $0.00 | ($2.81) | $0.00 |
| TOUCHPAY KIOSK DEPOS | 10/01/2013 04:50:09PM | $45.55 | $42.74 | $0.00 | $0.00 |
| COURT CHARGE | 10/02/2013 01:21:41AM | ($14.11) | $28.63 | $0.00 | $0.00 |
| ORDER DEBIT | 10/02/2013 02:58:25AM | ($28.60) | $0.03 | $0.00 | $0.00 |
| TOUCHPAY KIOSK DEPOS | 11/05/2013 04:34:29PM | $45.55 | $45.58 | $0.00 | $0.00 |
| COURT CHARGE | 11/06/2013 01:26:40AM | ($9.11) | $36.47 | $0.00 | $0.00 |
| ORDER DEBIT | 11/06/2013 02:11:36AM | ($34.59) | $1.88 | $0.00 | $0.00 |
| **Ending Totals:** | | | **$1.88** | **$0.00** | **$0.00** |

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and on record in my office.
ATTESTED:

MAY 2 1 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



This report may contain privileged and/or confidential information that is intended solely for the use of the Correctional Facility. The report may contain nonpublic personal information about inmates subject to the restrictions of privacy laws. You may not directly or indirectly reuse or disclose such information for any purpose other than to provide the services for which you are receiving the information.

NO. _____

3/9377

THE STATE OF TEXAS

VS.

_____

IN THE COUNTY COURT

AT LAW NO. _____

OF BEXAR COUNTY, TEXAS

# CASE SETTING FORM

This case is set in County Court at Law No. _____, Bexar County Courthouse, on

_____ at _____, for:

- ☐ AIDE
- ☐ Detour
- ☒ Pre-trial conference
- ☐ Non-jury trial     ☐ Subpoena Witnesses
- ☐ Jury trial     ☐ Subpoena Witnesses
- ☐ Plea of guilty
- ☐ Probation hearing
- ☐ Other_____

on motion of:

- ☐ Attorney for State
- ☐ Defendant

**NO OTHER NOTICE WILL BE SENT AS A REMINDER.**

Notice of the above setting
is acknowledged.

Date_____

Recommendation_____

_____

_____

_____
Defendant

_____
Attorney for Defendant

_____
Attorney for State

(Please Print Name & Address)



STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
the page to which this certificate is affixed may have
been lawfully altered to redact confidential per-
WHITE - Defense Attorney
information but is otherwise a true and cor-
GREEN - Defendant
copy of the original on file in my office in
CANARY - County Clerk
ATTESTED:
PINK - Court Coordinator
GOLDENROD - State
MAY 30 2016

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

NO. _____

Exhibit 13-B

THE STATE OF TEXAS

VS.

_____ _____

IN THE COUNTY COURT

AT LAW NO. _____

OF BEXAR COUNTY, TEXAS

# CASE SETTING FORM

This case is set in County Court at Law No. _____ Bexar County Courthouse, on

_____ at _____, for:

☐ AIDE

☐ Detour

☐ Pre-trial conference

☐ Non-jury trial     ☐ Subpoena Witnesses

☐ Jury trial     ☐ Subpoena Witnesses

☐ Plea of guilty

☐ Probation hearing

☐ Other_____

on motion of:

☐ Attorney for State

☐ Defendant

**NO OTHER NOTICE WILL BE SENT AS A REMINDER.**

Notice of the above setting
is acknowledged.

Date_____

Recommendation_____

_____

_____

_____
Defendant

_____
Attorney for Defendant

_____
Attorney for State

(Please Print Name & Address)

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
This page to which this certificate is affixed may have
been lawfully altered to redact confidential pe... ...a
information but is otherwise a full, true and co...ect
copy of the original on file and in my record in my offic...
ATTESTED:

WHITE—Defense Attorney
GREEN—Defendant
CANARY—County Clerk
PINK—Court Coordinator
GOLDENROD—State

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

DEPUTY



NO._____

_Exhibit 13-C_

THE STATE OF TEXAS

VS. _____

IN THE COUNTY COURT

AT LAW NO. _____

OF BEXAR COUNTY, TEXAS

# CASE SETTING FORM

This case is set in County Court at Law No. _____, Bexar County Courthouse, on
_____ at _____, for:

☐ AIDE

☐ Detour

☐ Pre-trial conference

☐ Non-jury trial          ☐ Subpoena Witnesses

☐ Jury trial              ☐ Subpoena Witnesses

☐ Plea of guilty

☐ Probation hearing

☐ Other_____

on motion of:

☐ Attorney for State

☐ Defendant

**NO OTHER NOTICE WILL BE SENT AS A REMINDER.**

Notice of the above setting
is acknowledged.

Date_____

Recommendation_____

_____          _____

_____
Defendant

_____          _____
Attorney for Defendant                  Attorney for State

(Please Print Name & Address)

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.

WHITE—Defense Attorney
GREEN—Defendant
CANARY—County Clerk
PINK—Court Coordinator
GOLDENROD—State

ATTESTED:
M. C. C. VAN

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



BY:_____

NO. _____

THE STATE OF TEXAS

VS.

_____

IN THE COUNTY COURT

AT LAW NO. _____

OF BEXAR COUNTY, TEXAS

# CASE SETTING FORM

This case is set in County Court at Law No. _____ , Bexar County Courthouse, on

_____ at _____ , for:

- ☐ AIDE
- ☐ Detour
- ☐ Pre-trial conference
- ☐ Non-jury trial    ☐ Subpoena Witnesses
- ☐ Jury trial    ☐ Subpoena Witnesses
- ☐ Plea of guilty
- ☐ Probation hearing
- ☐ Other_____

on motion of:

- ☐ Attorney for State
- ☐ Defendant

**NO OTHER NOTICE WILL BE SENT AS A REMINDER.**

Notice of the above setting
is acknowledged.

Date_____

Recommendation_____

_____

_____

_____
Defendant

_____
Attorney for Defendant

_____
Attorney for State

_____
(Please Print Name & Address)

WHITE—Defense Attorney
GREEN—Defendant
CANARY—County Clerk
PINK—Court Coordinator
GOLDENROD—State

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed n ay have
been lawfully altered to redact confidential p rsonal
information but is otherwise a full, true and c rrect
copy of the original record on file and of record in n office
ATTESTED:



GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
DEPUTY

Exhibit 14

901 CR
307125

RAND.PRP

MARTINEZ, ROBERT JR
04/17/83 DRIVING WHILE INTOXICATED TYPE-M
CRS CAUSE: 307125 TYPE-M
SID: 0327074 JN: 0170149 DOB: 03/12/64

COUNTY COURT AT LAW # ____ 5 ____ BEXAR COUNTY, TEXAS
ROBERT D. GREEN, COUNTY CLERK

# CRIMINAL DOCKET

THE STATE OF TEXAS

DRIVING WHILE INTOXICATED (B)

Orders of the Court

4-17-83 Offense: _____

Attorneys: Frank Ivey 11636
Vincent Callahan (A) 024834

## CLERK'S MEMORANDA

Date Filed: APR 26 1983    Capias Issued: _____

Fee Docket: Vol: ___ 71 ___ p. ___ 361 ___ 81/402

Judgement: Vol: ___ 88 ___ p. _____

319377  1-6
33358  12-12

Dvr. Lic. Info: DOB 3-12-63

Bond Computerized  11033

ARRAIGNMENT: 4-29-83 RE-SET ____

ATTORNEY: RETAINED/OWN/APPOINTED/WAIVED.

PLEA ____ SET FOR TRIAL ____

PIT 5-18-83 9am

5-18-83 — Cent

THE COURT WAS INFORMED THAT THERE WAS/WAS NOT/
A PLEA BARGAINING AGREEMENT BETWEEN THE STATE
AND THE DEFENDANT; AND THE COURT ACCEPTED/
REJECTED SAID PLEA BARGAINING AGREEMENT AND
ENTERED THE FOLLOWING ORDER, TO WIT:

PLEA OF GUILTY ON 5-18-83

RIGHTS WAIVED/ADMONISHED/EVIDENCE

FOUND ____

PROBATION HEARING SET 5-18-83

PROBATION GRANTED/DENIED

PUNISHMENT: $35.00 FINE, COSTS, AND
3 days IN JAIL

PROBATED FOR 2 years.

MTR 7-27-84 9PM

4-22-85

MTR Reset 9-9-85 @ 9:30 Am

MTR 1-6-86 9Am

TRIAL DOCKET # (25)

FOR THE WEEK OF: 1-6-86

SR. AR RA

1-9-86

THE COURT WAS INFORMED THAT THERE WAS/WAS NOT/
A PLEA BARGAINING AGREEMENT BETWEEN THE STATE
AND THE DEFENDANT; AND THE COURT ACCEPTED/
REJECTED SAID PLEA BARGAINING AGREEMENT AND
ENTERED THE FOLLOWING ORDER, TO WIT:

Reformed Judgment RA

PUNISHMENT: $ 165.00 FINE COSTS, AND
IN JAIL, CREDIT BACK TO,
WAIVED 10 DAYS

SENTENCED ON 1-5-86

4-17-83  4-18
5-11-84
# 2-23-84  -2.24

235/676

437

Lic Susp 180 dy.

CC/W # 319377

T-0-

60 dy to pay
Jail Time on weekends

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
the page to which this certificate is affixed and may have
been in any altered to reduce confidential personal
... but is otherwise a full, true and correct
... of the original on file and of record in my office.
ATTEST:

MAY 27 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY TEXAS

Exhibit 14

R·10·25-13



# Vincent D. Callahan
## Attorney
Laurel Heights Station
P. O. Box 12141
San Antonio TX 78212-3007
Telephone/Fax: 210-737-3404

October 24, 2013

Robert Martinez #327074
Bexar County Adult Detention Center
200 North Comal
San Antonio TX 78207

     RE:    Return of complete files for DWI County Court 5 Numbered 307125 & 319377

Dear Mr. Martinez:

    I received your letter postmarked 10-23-13. I am returning the two copies of docket sheets which you sent me.

    My State Bar No. is not 0248284. I do not possess any criminal files older than ten years from today.

Sincerely,

Vincent D. Callahan

Vincent D. Callahan

VDC/ar

Enclosure

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAY 2 7 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS


Vincent D. Callahan
Attorney At Law
P O Box 12141
San Anto, Tx 78212-3007

21 October 2013

Exhibit 15 B

RE: RETURN OF FILES
   D.W.I. Number: 319377 C.C #5
   D.W.I. Number: 307125 C.C #5

Robert Martinez Prose
BCADC SID No 327074
200 N. Comal
San Anto, Tx 78207

VIA U.S MAIL

Greetings:

   I Am in receipt of your correspondence dated Oct 18, 2013. Notice I've enclosed (2) County Court at Law 5, criminal Docket, Yellow copies. [Which MUST BE RETURNED TO ME].

   As your letter dated Oct 14, 2013 requesting specific information, of your representation using State Bar No. 6248284, (here enclosed).

   PLEASE ALLOW THIS TO SERVE AS MY SECOND GOOD FAITH REQUEST FOR BOTH the ABOVE CAPTIONED AND NUMBERED D.W.I. CASES, in your Due Attention in this regard.



STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:
MAY 27 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____

CC: file

© 10-21-13

Exhibit C

# Vincent D. Callahan
## Attorney
Laurel Heights Station
P. O. Box 12141
San Antonio TX 78212-3007
Telephone/Fax: 210-737-3404

October 18, 2013

Robert Martinez #327074
Bexar County Adult Detention Center
200 North Comal
San Antonio TX 78207

      RE:   Return of complete file DWI County Court 5 Numbered 319377

Dear Mr. Martinez:

     I received your letter postmarked 10-11-13. A review of my records does not show that I represented you in Cause No. 319377, County Court 5, using State Bar No. 0248284. If you have more specific information, please send it to me.

Sincerely,

*Vincent Callahan*

Vincent D. Callahan

VDC/ar

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully allowed to redact confidential persons.
Information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAY 21 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



BY: _____
DEPUTY

8 October 2013

Attorney At Law
Vincent Callahan
Bar No 0248284
P.O. Box 12141
San Anto, Tx 78212

Exhibit 15 P

RE: RETURN OF Complete File
D.W.I. County Court 5
Numbered 319377; 2-23-84

Robert Martinez
BXADC SID No 327074
200 N. Comal
San Anto, Tx 78207

VIA U.S. MAIL
Greetings:

LET THIS SERVE AS MY GOOD FAITH REQUEST
that you return a true and correct compute
File above captioned. To include ALL papers

In Hoc

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
No reply to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file of record in my office.
ATTESTED:

MAY 27 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

DEPUTY

NOTARY  DECLARATION

Page 1 of 1

Exhibit 16

NO. __307,125__

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE COUNTY COURT |
| VS. | X | AT LAW NO.5, OF |
| ROBERT MARTINEZ, JR. | X | BEXAR COUNTY, TEXAS |

## SUPPLEMENTARY REPORT

### FOR·THE FURTHER INFORMATION OF·THE COURT:

The defendant was placed on 2 years probation for Driving While Intoxicated on May 18, 1983.

On April 25, 1984 a Motion To Revoke was filed alleging a new Driving While Intoxicated, and failure to make scheduled payments.

Currently, the defendant's Motion to Revoke hearing has been set for September 9, 1985. His balance is $443.00.

This officer has been advised that on June 20, 1985, the defendant was arrested on a County Court #5 warrant for Evading Arrest (#333,518).

The defendant's Motion to Revoke can not be ammended to include this offense, as the defendant's expiration date has past.

The foregoing report is respectfully submitted to the Honorable Court.

SANDRA K. KELLER
ADULT PROBATION OFFICER
BEXAR COUNTY, TEXAS

SUBMITTED: __7-9-85__
RETURNED : __9/11/85__

APPROVED:

L. CAESAR GARCIA,
CHIEF PROBATION OFFICER
BEXAR COUNTY ADULT PROBATION
DEPARTMENT

noted — no Action

SKK: skv

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAY 27 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



. . TO THE HONORABLE JUDGE OF THE 5th County COURT, BEXAR COUNTY, TEXAS:

Now Comes the Applicant, Robert Martinez, who submits this Application for Writ of Habeas Corpus under Article 11.072 of the Texas Code of Criminal Procedure, and shows:

## IV CONFINEMENT, RESTRAINT, AND REQUESTED RELIEF

Robert Martinez, Applicant, is illegally confined and restrained of his liberty by Susan Pamerleau, acting in her capacity as Sheriff of the Bexar County Adult Detention Center "BCADC", 200 N. Comal, San Antonio, Texas, 78207. Applicant's confinement and restraint are consequences of and is pursuant to a Judgment of Conviction for Operating a motor vehicle upon a public highway in Bexar County Texas while under the influence of intoxicating liquor. pursuant to Texas Penal Code

entered on May 18, 1983 in the County Court of Law No. 5, Bexar County, Texas, under cause No. 307125 SEE Exhibit 2 Applicant received 3 days in Jail, and was fine $350.00 and Costs of Court. See Exhibit 2. Applicant's sentence was suspended and probated for a term of 2 years of Adult Probation. See Exhibit 2.

Pursuant to Article 11.072 of the Texas Code of Criminal Procedure, Applicant respectfully requests that his conviction and sentence for Operating a motor vehicle upon a public highway in Bexar County Texas under the influence of intoxicating liquor be overturned and court enter finding and recommendations that will reverse this conviction and allow further proceedings on this case in this trial court. Applicant further requests that he be released from collateral consequences and confinement/constraints on the conviction and sentence.

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
I, GERARD RICKHOFF, COUNTY CLERK IN AND FOR SAID COUNTY DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY AS SAME APPEARS IN MY OFFICE.
ATTESTED
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY
DEPUTY

7

## V. STATEMENT REGARDING HEARING

A hearing on a postconviction writ application is necessary only if there are controverted, previously unresolved facts material to the applicant's confinement that now demand resolution. Ex parte Chambers, 612 S.W.2d 572, 573-574 (Tex. Crim. App. 1981). To resolve them, the trial court may order a hearing, affidavits, depositions and interrogatories, as well as personal recollection. See Tex. Code. Crim. Proc. Art. 11.072 § 6.

In this case, there are controverted, previously unresolved facts that are material to the applicant's confinement that now demand resolution. Applicant has made allegations against the trial attorneys that go to the trial attorney's failure to provide effective counsel at trial, leading to Applicant's involuntary plea. Applicant thus believes that a hearing is necessary in this case. In the alternative, Applicant requests that the trial attorneys be ordered to submit an affidavit that addresses the allegations made by Applicant in this case.

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAY 2 7 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



BY: _____
DEPUTY

8

# VI. Procedural History

Applicant's conviction and sentence arose from an AFFIDAVIT FOR WARRANT OF ARREST for Driving while Intoxicated dated April 21, 1983 see Exhibit 1. Specifically, it was alleged that on or about April 17, 1983, Applicant, did then and there unlawfully operate a motor vehicle upon a public highway, there situate, while he the said applicant was under the influence of intoxicating liquor, See Exhibit!

On May 18, 1983 in the 5th County Court of Bexar County, Applicant pleaded Guilty to operating a motor vehicle upon a public highway in Bexar County, Texas while under the influence of intoxicating liquor, under cause No. 307125 see Exhibit 2. Applicant received a Fine of $350.00 and Costs of Courts and 3 days in jail. See Exhibit 2. Applicant's sentence was suspended and probated for two (2) years of probation See Exhibit 2. There was not any plea agreement, the court entered the following plea of guilty on May 18, 1983,

On April 25, 1984, a MOTION TO REVOKED WAS ISSUED. SEE Exhibit 3. On January 9, 1986, MOTION TO REVOKE PROBATION WAS ORDERED for alleged violation conditions No#1, No#5, No#14, and No#15. Applicant ORDERED to serve 10 days confinement, pay fine of $165.00 and costs of court #88.00 Furthermore, it was ORDERED that sentence begin date to begin and operate from JAN 9, 1986 But, MOTION AND ORDER TO REVOKE PROBATION, HOLD TILL; March 7, 1986 to serve on weekends. SEE Exhibit 4

Applicant was granted credit on his sentence from 4-17-83 and For 5-11-84 and form 2-23-84 to 2-24-84. SEE exhibit 4 (ORDERED JAN 9, 1986)

9

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The party in which this certificate is affixed may have been issued... I hereby certify that the above... copy of the original is on file and of record in my office.
MAY 2 7 2013
COUNTY CLERK
BEXAR COUNTY TEXAS
DEPUTY

ON January 9, 1986, applicant made $165.00 payment check No. 51996. See exhibit __5__ On March 14, 1986 through March 16, 1986, applicant surrended himself to the sheriff for (3) three days of sentence credit. SEE Exhibit __4__ On March 21, 1986 through March 22, 1986, applicant surrended himself to the sheriff for (2) days of sentence credit SEE Exhibit __4__ On May 09, 1986, applicant believes he paid an additimal $253.00. See Exhibit _4_; Cash $88.00 check $165.00 to Harlon Copeland, Sheriff, Deputy Teresa V Romero Exhibit _4_

Applicant has not previously filed an Application for Writ of Habeas Corpus under any section of Article 11 of the Texas Code of Criminal Procedure. Thus, this Applicant is not a subsequent application subject to the limitations of Texas Code of Criminal Procedure Article 11.072 §9. See Tex. Code Crim. Proc. Art. 11.072 §9. Further, no other collateral attacks have been filed against the instant conviction and order of probation. Finally, Applicant has not presented this case before a federal court in a federal writ of habeas corpus attacking a state [pur]suant to 28 U.S.C. §2254. Applicant files this his first Application for Writ of Habeas Corpus, Article 11.072 Applicant has discharged this sentence. Applicant's attack and all collateral consequences.

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
STATE OF TEXAS COUNTY OF BEXAR CERTIFIED COPY CERTIFICATE

MAY 27 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____ DEPUTY

16

## VII. FACTS

I, Robert Martinez, "applicant" Am 49 year old. I was 19 at the time of my arrest in this case. I am not a lawyer or ever trained in law. I am indigent at this writing. I was indigent at the time of my arrest. I was indigent at the time of my revocation for probation 1996. I Am a United States Citizen.

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office
ATTESTED:

MAY 2 7 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



BY: _____
DEPUTY

## VIII. GROUNDS FOR RELIEF

Grounds for Relief

Applicant received ineffective assistance of Counsel at Trial where probation was granted because prior to entering into a guilty plea in this case, applicant was not properly advised by trial counsel where probation was granted of applicants qualification under the misdemeanor Probation Act of this state and applicants rights to appeal, and as a result of such ineffective assistance of trial counsel where probation was granted, applicant's plea in this case was unknowing and involuntary.

This application is appropriately brought under Texas Code of Criminal Procedure Article 11.072

In 2003, the Legislature enacted Article 11.072, titled "Procedure in Community Supervision Case" Added by Acts 2003, 78th Leg., Ch. 587, §1, eff. June 20, 2003. An application under Article 11.072 of the Texas Code of Criminal Procedure is the proper vehicle for Applicant because he seeks relief from an order or a judgment of conviction ordering community supervision. Tex. Code Crim. Proc. Art. 11.072 §1. Article 11.072, Section 1 "establishes the procedures for an application for a Writ of Habeas Corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The people of which this application is linked may have ... copied ... the original on file and of record in my office.
ATTESTED:
May 2016
GERARD RICKHOFF
COUNTY CLERK
BY: _____ DEPUTY

12

supervision. Tex. Code Crim. Proc. Ann art. 11.072 §1. An application filed under Article 11.072 "must be filed with the district clerk of the court in which community supervision was imposed." Tex. Code Crim. Proc. Ann. art. 11.072 § 2(a). The statue permists a person who is serving or who has completed a term of community supervision to file an application for a writ of habeas corpus. Tex. Code Crim Proc. Ann. art 11.072 § 2(b). The application must attack the "legal validity" of "(1) the conviction for which or order in which community supervision was imposed; or "(2) the conditions of community supervision." Tex. Code Crim Proc. Ann art 11.072 § 2(b)(1)-(2).

A writ of habeas corpus "issues by operation of law" when the application is filed. Tex. Code Crim. Proc. Ann. art 11.072 § 4 (a). <u>Villanueva V. State</u>, 252 s.w.3d 391, 395-396 (Tex. Crim. App. 2008). If the State files an answer, the trial judge must enter a written order granting or denying relief no "later than the 60th day after the day on which the state's answer is filed [.] Tex. Code Crim. Proc. Ann. art. 11.072 § 6(a). The trial judge is required to conclusions of law along with a written Writ of habeas Corpus filed under Article 11.07 existence of a final conviction and sentence an a case in which community supervision is imposed

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The above which is attached hereto has not been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office
ATTESTED
MAY 27 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
DEPUTY

12

does not constitute a final conviction and sentence, Article 11.072 provide the exclusive means by which this county courts may exercise its orginal habeas corpus jurisdiction in case involving a individual who is either serving a term of probation or who has completed a term of probation See Tex. Code Crim. Proc. Art. 11.072 § 2 (b). And because the requested relief in this Application does not concern a modification of a conditions(s) of supervision, Applicant need not first attempt to gain relief through a motion to amend the condition of probation See Tex. Code Crim. Proc. Art. 11.072 § 1(b)(2)(b).

Applicant was not properly advised by Trial Counsel where probation was granted and applicant was advised he was required to waived his right to an appeal. when applicant was qualified for probation and was granted probation under the Misdemeanor Probation Act of this state that under the provisions of said Act, applicant was advised that the court made no final finding of guilty herein, rendered no judgment in this cause, and placed applicant on probation for a period of (2) two years. Applicant was not properly advised by trial counsel where probation was granted and was advised he was required to waived his right to an appeal constitutional grounds in this application, and there is no need to try to obtain relief through the direct appeal process Tex. Code Crim. Proc. Art. 11.072 § 1(b)(2)(a).

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct reproduction of the original on file and of record in my office.
ATTESTED

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

DEPUTY

14

Finally, applicant must prove the allegations in this application by a preponderance of the evidence. Ex parte Cummins, 169 S.W.3d 752, 757-758 (Tex. App. Fort Worth 2005, no pet.).

Applicant was not properly advised by Trial Counsel where probation was granted that because of applicants qualification under the misdemeanor probation Act of the state and applicants guilty plea, applicant had no right to appeal. Applicant did not and was not given a plea deal where probation was granted and was not properly advised that the only way for qualification under the misdemeanor probation Act was applicant most plea guilty and would have no right to appeal. Because applicant was qualified under the misdemeanor probation act and was required to enter a guilty plea and applicant was advised that the provisions of said act, applicant was advised that the court would not make a final finding of guilty herein, rendered no judgment in this cause, and that applicant had no right to appeal and that applicant was not required to sign a waiver of Constitutional rights and the court's admonition.

Applicant was incorrectly advised by trial counsel where probation was granted where applicant was qualified under the misdemeanor probation act of the state of his constitutional right to appeal. Upon inspection of the record it appears No waiver of applicants constitutional rights and the court's admonitions was entered into the record.

STATE OF TEXAS, COUNTY OF TEXAS
I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY
This page to which this certificate is affixed may have been lawfully altered to redact confidential personal information as authorized by law; the original document of record is a full, true and correct copy of the record as authorized by law.
ATTESTED:
MAY 31 2016
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY:
DEPUTY

15

Applicant was not properly advised by trial counsel where probation was granted of his constitutional rights to a jury trial, cross-examination of witnesses. Applicant met his Trial counsel where probation was granted on the same date, therefore no prior meeting and or assistance in the desicion making or any explanation of the consequences of how applicant must plea guilty with no constitutional right to appeal, yet because applicant was quailfied under the misdemeanor probation act of the state, absolutity no finding of guilty and no judgment would ever be rendered in this cause as long as applicant realized he could not appeal, even though their existed no plea bargain.

Applicant was not properly advised of the consequences of his guilty plea and the consequenses of his qualification under the misdemeanor probation act of this state.

Applicant received ineffective assistance of counsel where probation was granted as qualified under the misdemeanor probation act of this state when counsel knew or should have known that the complaint and criminal information did not constitute and set forth a violation against the peace and dignity of the state, (see exhibit ___1___) on or about the 17th day of April A.D., 1983, Robert Martinez hereinafter called defendant, did then and there unlawfully operate a motor vehicle upon a public highway, there situated the said defendant was under the influence of intoxicating liquor, against the peace and dignity of the state.

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
I hereby certify this to be a true and correct copy which this official is the lawful possessor of and was not unlawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in this office.
ATTESTED
MAY 2 7 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
DEPUTY

1L

Applicant met his Trial Counsel where Probation was granted on the same date applicant was qualified for misdemeanor probation act and applicant was required to a no plea deal, yet applicant had to plea guilty, with no right to appeal, only one month from the incident date, trial counsel could not have properly investigated, applicants medical history, trial counsel relied solely on the prosecution file, in a haste for judgment, trial counsel where probation was granted, became ineffective.

Applicant was not present on April 29, 1983, arraignment and trial counsel where probation where granted signed Case setting Form and trial counsel where probation was granted initialed his initials and marked an 'X' in the box for defendant see exhibit __6__, dated 4-29-83, case set C.C. No. 5, 5-18-83, 9:00 am., on May 18, 83.

Applicant met his trial counsel where probation was granted without a proper waiver of the 10 day allowed by statute to prepare and elect to proceed on the same day as applicant and trial counsel where probation was granted, qualified under the Misdemeanor Probation Act of this state, required to plea guilty, appeal, and without waiver to Constitutional rights, court's admonitionments. Counsel did not prepare or did not properly advise or counsel with applicant, and failed to fully explain the consequences of a guilty plea and the qualifications under the misdemeanor probation act and therefore

17

STATE OF TEXAS COUNTY OF TEXAS
CERTIFIED COPY PERPETUAL
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a TRUE and correct copy of the original on file and of record in my office.
ATTESTED:
MAY 2 7 2015
GERARD RICKHOFF
COUNTY CLERK

could not properly conclude that applicant had a rational, as well as factual, understanding of both the charge(s) pending and the proceeding under his guilty plea and the qualifications under the Misdemeanor Probation Act of this state.

Applicant received ineffective assistance of counsel as a result of applicants entered guilty plea and the qualification of Misdemeanor Probation Act, unknowing and involuntary On May 18, 1983, one month after the alleged incident, trial counsel where Probation was granted advised applicant that he had to plea guilty in order to enter into the conditions of the (2) two years probation and on May 18, 1983, applicant was qualified under the misdemeanor probation act of this state, without any independent investigation or without properly investigation of charging instrument "Information complaint" and or affidavit of arrest see exhibit 1 Trial Counsel where probation was granted knew or should have known that the criminal information complaint is invalid did not prove or show the essential elements of the offense, vague and ambiguous without merit in law. Trial Counsel where Probation was granted knew or should have known that as applicant was properly designated and Criminal Information wholly fails to allege all essential element of said offense and or any offense under the laws of the State of Texas, for this reason(s) that said Criminal Information fails to allege why and what quanity

18

STATE OF TEXAS) COUNTY OF HARRIS)
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to/redact confidential personal information. This reproduction is officially a true and correct copy of the original of the suit of record in my office.
ATTESTED:
MAY 22 2015
GERARD RICKHOFF
COUNTY CLERK
HARRIS COUNTY, TEXAS
BY:

the influence of an unknown intoxicating liquor in an essential element against the laws of the State of Texas and against the peace and dignity of this state.

Applicant was charged by criminal information, and Affidavit For Warrant of Arrest No. 319377

On or about the 23rd day of February, A.D., 1984, it Robert D. Martinez, Jr., hereinafter called defendant, did then and there drive and operate a motor vehicle in a public place while the said defendant was intoxicated; against the peace and dignity of the State see exhibit ___I___ and exhibit _____.

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
This page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAY 2 7 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



BY: _____
DEPUTY

19

Applicant received ineffective Assistance of counsel where trial Counsel where probation was revoked improperly, misapplied the law(s), And advised applicant into a illegal plea deal, invaild, void. Counsel for applicant when his probation was revoked knew or should have known that applicants probative term of (2) two years as qualified for Misdemeanor Probation Act had been satisfied and or termed / passed its expiration date. Applicant was not revoked and was And remaind under orders as described under the Misdemeonor Probation Act. Applicant Continued his term(s)/conditions of probation continually well passed the (2) two year probation order term of May 18, 1985, without court ordered modifications after the alleged incident or filed motion to Revoke on or about the 25 day of April, 1984. See exhibit 3

It is alleged that applicant on or about the 23rd day of Feburary 1984, applicant violated a term of his misdemeonor Probation Said alleged incident said to have occured (9) nine months after

been granted probation. Applicant continued on said Conditions of probations as described and qualified for Misdemeanor Probation Act upto his termed date of May 18, 1985, (15) fifteen additional months,

20

Applicant was not advised properly on or about the 9th day of January 1986 by trial counsel where probation was revoked to enter into invalid, illegal plea deal, (8) eight months after the termed date of May 18, 1985. Applicant therefore remaind under the conditions and terms as qualified for under the Misdemeanor Probation act for a total time of (31 1/2) months on a ordered (24) month term without being revoked, well beyond the expiration date. See exhibit 4

Applicant received ineffective assistance of counsel when trial counsel where probation was revoked and applicant entered into an illegal plea deal, voidable plea deal. Counsel for applicant where his probation was revoked knew or should have known that applicant guilty plea where applicant was qualified for Misdemeanor Probation Act had termed. Applicant was not revoked and was required to continue his term(s) of probation and term of probation under a not ordered modified condition(s) of probation continually well after the ordered (2) two year probation period of May 18, 1985. See exhibit 2.

Applicant received ineffective assistance of counsel where trial counsel where probation was revoked and misapplied the laws and advised applicant to enter into an invalid judgment where the plea deals included cause No. 307125 and cause No. 319377. Cause No. 307125 3017

STATE OF TEXAS COUNTY OF BEXAR
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information as authorized by law and/or court rule.
This is a true and correct copy of record in my office.
ATTESTED:
GERARD RICKHOFF
COUNTY CLERK
BY

21

had expired and termed, i.e., passed the court ordered (2) two year probation period without being revoked. Applicant was alleged to have committed a 2nd D.W.I cause No 319377, eight (8) months and (5) five days after applicant was qualified for misdemeanor Probation Act. See exhibit Exhibit 7

Trial counsel where probation was revoked knew and should have known that applicant conditions and term of probation, weather not court ordered modified or not were beyond the ordered (24) months were satisfied when applicant reached the (2) years ordered without a plea agreement was satisfied. Applicant continue to answer, report, pay without court ordered modifications to term and beyond. Applicant completed terms of probation and was not revoked. Trial Counsel where probation was revoked knew and should have known that applicant continued for (16) sixteen additional months of probation without a revocation order or adjudication or modification of Probation conditions See exhibit 8

Applicant received ineffective assistance of counsel when trial counsel where probation was revoked misapplied the laws(s) and advise applicant to enter a invaild plea deal with Cause No 319377 and Cause No. 307125, where Trial Counsel where probation was revoked knew or should have known that untrue documents were entered

22

into proceeding and evidence for cause No 319377, Judgment names Robert D. Martinez Jr. see Vol 234 page 323, exhibit __9__, the certificate names Robert D. Martinez, Jr, Judgment Fee book Vol 89, page 421, Names Robert D. Martinez, Jr., with its certificate Robert D. Martinez, Jr., Order transferring Cause No. Vol 171 page 656, names, Robert D. Martinez, Jr., Name is not the same as Robert Martinez, Jr., is not the same as Robert D. Martinez, Jr., Said transfer Order not part of file, record for cause No 307125, this issues and grounds to this Habeas Corpus.

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAY 2 7 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS



BY:_____
DEPUTY

23

Applicant received ineffective assistance of counsel when trial counsel when probation was revoked and applicant was advised. Counsel misapplied law, allowed Applicant to enter ~~into~~ into an illegal, voidable, plea deal AND allowed, advised applicant to accept plea deal where probation was revoked.

Trial counsel where probation was revoked Negotiated a plea deal that allowed and took into consideration and to run concurrent with cause No 319377, The State of Texas Vs. Robert D. Martinez, Jr., AND Robert Martinez Jr herein the "applicant" is not the same Name and or the charged information 319377, Robert D. Martinez, Jr., therefore counsel allowed knew or should have known that untrue documents entered into this proceedings AND evidence AND used to interprete law AND revoke probation AND Sentence illegally defendant, are false AND untrue documents.

Trial counsel where probation was revoked knew AND or should have known that affidavit for warrant of arrest and the charging Criminal information complaint filed and made present County Court No 6, are untrue legal documents, entered into law, plea deals, sentencing, Probation revocation Robert D. Martinez, Jr., as recorded is not the same as Robert

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
the paper to which this certificate is affixed has not been lawfully allowed to reflect confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:
MAY 21 2013
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
DEPUTY

Martinez and the laws apply in 1984. Trial Counsel where probation was revoked knew or should have known his clients at the very least if not his case or ANY investigation prior to entering into a illegal plea agreement.

24

Applicant received ineffective assistance of counsel at trial where probation was revoked and applicant was not properly advised; counsel misapplied law and allowed applicant to enter into an illegal plea deal, voidable and allowed applicants probation to be revoked, using and taking into consideration a jurisdictional defected, cause No. 319377 to run concurrent with this case. See exhibit 7 and exhibit 9

Applicant Negotiated plea deal included both cause No 307125 and cause No. 319377 to run concurrent. Cause No 319377 County Court No 6 case has jurisdictional problems and illegal, therefore said plea negotiations for both cause No. 307125 and cause No. 319377 are illegal and void.

Trial Counsel where probation was revoked knew or should have known that ORDER transferring Cause No. 319377 vol 171, page 656, The State of Texas vs. Robert D. Martinez, Jr., on March 20, 1984 from County Court at Law No. 6 to this Court, County Court No 5 is not the same name Robert Martinez, Jr., and Robert D. Martinez Jr, this record does not contain such transfer order and cannot now be made record as to correct the record. There ... false documents with jurisdictional fundamental defects enter into this case as the laws apply in 1984.

STATE OF TEXAS — COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but it otherwise a full, true and correct copy of the original record on file and of record in my office.

ATTESTED:
MAY 2 7 2015
GERARD C. RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____
DEPUTY

25

· Applicant received ineffective assistance of counsel as the record will reflect it is clear that trial counsel where probation was granted advised applicant that applicant's constitutional rights to appeal were waived due to applicant's qualification under the misemeanor probation act while trial counsel where probation was revoked advised applicant of applicants constitutional rights to appeal were waived due to applicant's entering into a plea of Nolo where probation was revoked for both cause No. 307125 and cause No 319377 was one concurrent Ten (10) day sentence where applicant right to appeal were waived due to acceptance of plea deal.

Applicant received ineffective assistance of counsel where probation was granted, counsel advised applicant because applicant was qualified under the misdemeanor probation act and that applicant was required to enter a gulity plea, in order to qualify and receive probation under the misdemeanor probation act, applicant would never have a right to appeal, to the Constitutional fundamently deficient misdemeanor charge as charged in criminal information to wit:

Operating a motor vehicle upon a public highway in Bexar County, Texas while under the influence of intoxicating liquor.

against the peace and dignity of the state.

See exhibit

Applicant received ineffective assistance of counsel where Trial counsel where probation was granted and where probation

26

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
This page is video graphically limited the way it has been lawfully afford to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAY 27 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:
DEPUTY

was revoked both att... key where probation was granted and attorney where probation was revoked knew or should have known that the evidence as charged in criminal information was legally invalid and insufficient as criminal information complaint(s) did not provide all the elements of the offense. Both criminal information complaint cause No 307125 and Cause No 319377 are vague, ambiguous and do not provide all the necessary elements of the offense. Both criminal information charge applicant with the offense as describe in criminal information Cause No. 307125 and criminal information Cause No. 319377 with Driving while I. "D.W.I" Yet both describe the forbidden conduct in absolutly manner(s), both attorney where probation was granted and attorney where probation was revoked knew or should have know that criminal information for cause No 307125 fails to describe the forbidden conduct, to require culpibility, any required result, nor does it create an exception to the offense, insufficiently proving all of the elements the offense. Attorney where probation was revoked knew and should have known that both criminal information for cause

criminal information for cause No. 319377

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may or
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.

MAY 27 2015

SEPABO BICKATIER
COUNTY CLERK
BEXAR COUNTY, TEXAS

DEPUTY

... advise applicant to enter a plea, applicant received ... assistance of counsel where probation was revoked in that counsel advised applicant into a plea where applicant received ineffective assistance of counsel

knew or should have known in that the evidence was legally insufficient in the criminal information complaint for both cause No 307125 and cause No. 319377 did not provide all the elements of the offense. Applicant received ineffective assistance of counsel where probation was revoked in that counsel advised applicant to enter into a plea deal where both criminal information complaints cause No. 307125 and cause No 319377 fails to describe the forbidden conduct, the required culpability, any required result, nor does it create an exception to the offense, insufficiently proving all the elements of the offense. See exhibit 1 And exhibit 7

Applicant received ineffective assistance of counsel where probation was revoked, trial counsel where probation was revoked advised applicant that applicant in order to enter into a plea negotiation in cause No 307125 and cause No. 319377, applicant would be required to enter a plea of Nolo. Applicant would be fine 100⁰⁰ and costs of court and (10) Ten days in jail. See exhibit 9        Cause No 319377,

Applicant received ineffective assistance of counsel where probation was revoked, in that counsel knew or should have known that information plea deal papers for cause No. 319377, Name R. Robert D. Martinez Jr and not applicant Robert Martinez. Furthermore judgment on cause No. 319377, allows for credit to be granted for jail time;

28

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The State of Texas, County of Bexar. I hereby certify that the above and foregoing is a true and correct copy of the original record now in my lawful custody and possession.
Name R. Robert D. Martinez
MAY 27 2015
COUNTY CLERK
BEXAR COUNTY, TEXAS
DEPUTY

4-17-83 to 4-18-83 and 5-11-84 and from 2-23-84 to 2-24-84. see exhibit 9 and exhibit ____

Applicant received ineffective assistance of counsel where probation was revoked and applicant was advice to enter a plea and judgment on the 9th day of January 1986. Applicant specifically requested from trial counsel where probation was revoked regarding the sentence imposed of (10) Ten days in jail AND ORDER for both cause No. 307125 and cause No. 319377 see exhibit 4 and exhibit 9. Applicant asked counsel where probation was revoked if applicant was required to serve (10) Ten days for each case. Therefore (10) Ten days for cause NO. 307125, then another (10) Ten days for cause No. 319377. Applicant was advised by trial counsel where probation was revoked AND applicant entered a Nolo plea by counsel that applicant was NOT required to serve two (10) Tenday stints, (i.e. 20 days) Applicant specifically requested further clairfication about the (10) Ten day sentence for cause No. 307125

Applicant specifically requested further clairfication on the (10) Ten Day sentence because applicant believed he was required to serve two (10) Ten day periods/sentences for cause No. 319377 AND cause NO. 307125. Applicant requested why

29

applicant was required to serve a (10) Ten day sentence (jail) for cause No. 307125; when the courts had orginally sentenced applicant to only (3) three days in jail but sentenced was suspended because applicant was quailfied for misdemeanor probation, therefore applicant believe he could only receive the (3) three days as order by the courts when probation was granted. See exhibit __2__

Applicant received ineffective assistance of counsel when counsel advised to applicant that it was possible Now to receive and be sentence to (10) ten days of jail instead of the (3) three days of jail orginally, suspended be-cause the Nolo plea was, one plea, Now everything is just one case. therefore one (10) ten day sentence and not (10) ten days for one then (10) ten day for the other.

Trial counsel where probation was revoked further advised applicant it was Now just one case put together and that was the reason applicant could and would be re-quired. _____ one sentence of (10) ten days for both case(s) together. That it was just one case that applicant _____ required to plea Nolo and because it was a plea deal which applicant could serve on the

30

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
That the above is a true and correct copy of the original on file and of record in my office. Portions may have been wholly altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED
MAY 21 2015
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
DEPUTY

weekends of March 14, 1986, March 15, 1986, March 16, 1986 and applicant would serve the following weekend of March 21, 1986, March 22, 1986 see exhibit 4 and exhibit 9 Applicant only needed an additional time credit of (5) five additional days. Dates above this page mentioned March 14, 1986, March 15, 1986, March 16, 1986 and March 21, 1986, March 22, 1986 to satisfy judgment(s)

Trial counsel where probation was revoked advised applicant and assisted applicant to reason that it all just one plea deal. Trial counsel where said one plea deal was entered, asked;

"Robert", when did the first case happen. (cause No. 307125) on 4-17-1983 "O.K", when did the second case happen (cause No. 319377) on 2-23-1984, Trial counsel explained to applicant you see its now just one plea all treated as one case, even though the second case occured about (10) Ten months after the first case.

"Robert", when did the first case happen (cause No. 307125) on 4-17-1983 the second case on 2-23-1984 (cause No. 319377)

Now you only have to do one (10) Ten day jail sentence. It's one sentence one case now, understand how can the courts grant you credit on your second case (cause No. 319377) date all the way back to 4-17-1983 and 4-18-1983 when the second case (cause No. 319377)

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have ...
... information not is reduced to a full, true and correct copy of the original on file and of record in my office.
ATTESTED:
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY

had "NOT" even occured), it's in the future. You see "Robert" all just now one case, no more probation, no more court dates, just (5) five more days you have jail time credit all the way back to 1983, April 17, 1983, when the second case (Cause No 319377) occured way after you received probation. Now you must plea Nolo and you cannot appeal, why would you, no more probation, no more court dates, no jury trial, "I can even get it so you don't even have to report to jail for another (2) two more months, "How does that sound", no more probation or court dates. Applicant has and will always attest he was not guilty. Applicant repeatedly expressed to trial counsel where probation was revoked for a Nolo plea, that I was not guilty and wanted a jury trial, applicant repeatedly requested advise from trial counsel where probation was revoked, how was it possible that applicant received a (2) two year probation in 1983 now it's 1986, why am I being revoked when applicant<del>required</del> to continue conditions of probation, applicant<del>required</del> continue paying fees and fines, applicant asked why<del>the courts</del> order (3) three days in jail and now required to serve (10) ten days, plus (10) ten more days in jail.

32

CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have been unlawfully altered to redact confidential personal information (social security number), but is a true and correct copy of the original on file and of record in my office.
ATTESTED:
MAY 2 7 2015
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____ DEPUTY

Applicant now believes in a opportune time for judgment and applicants repeated demand to take his case(s) to jury trial Trial counsel where probation was revoked found the opportunity and an most opportune time for judgment, had the court presiding Judge sign an order appointing him as counsel on 1-9-86 See exhibit __10__, and negotiated this illegal, voidable, jurisdictional defective plea of Nolo, where probation was revoked, and sentenced to (10) ten days when applicant had a suspended sentence of only (3) three days in jail.

Applicant attest and the record will show that trial counsel where probation was revoked was not present and not the counsel of record as required by law, the record reflects and shows see form CAC-2 (Rev. 1678) exhibit __10__ for cause No. 319377 and cause No. 307125, signed and ordered by presiding judge on the 9th day of Jan., A.D. 1986 See exhibit __10__, Trial Counsel gives dates of representation of 6-5-84, 7-27-84, 4-22-85, 9-9-85, 1-6-86, 1-9-86, Applicant believes and the record will show that probation was revoked was not present at all the above dates as the record will show, Now entered additional documents(s)

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
I hereby certify this to be a true copy of the original on file and of record in my office...
ATTESTED:
MAY 21 2013
GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
BY: _____ DEPUTY

33

Applicant's counsel where probation was granted, signed on 4-29-1983, for defendant (i.e. applicant) case setting form cause No. 307125 see exhibit 6 that applicant was arraigned on 4-29-1983 see exhibit 6 when applicant was not present therefore Never arraigned. Applicant's due process rights violated, trial counsel where probation was Never released from representation.

Applicant was an indigent defendant and first appointed counsel representation should have continued (unless relieved by the court, after a finding of good cause is entered on the record) which the record does not reflect, applicant Never given written Notice or the right to object, trial counsel where probation was required to represent applicant until charges dismissed, the applicant acquited, all post-trial motions are resolved, Notice of appeal perfected, or until relived by the court on the record. Applicant finds no such motion within the County Clerk file for cause No. 307125. Applicant has contacted his trial counsel where probation was granted under the misdemeanor probation act and said counsel continues to practice law at this writing see exhibit 11. Trial counsel where probation was granted advises applicant he only hold files no longer than 5 years. Applicant in good faith sought to obtain records from the Clerks office to forward documents and papers to both counsels

34

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
I hereby certify that this is a true and correct copy of the original on file and/or recorded in my office.
GERALD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS
MAY 27 2015
DEPUTY

recollection in an attempt to obtain affidavits to assist this Honorable Court in the resolution in disputed, controverted issues. Applicant is indigent see exhibit 12 Applicant has sought out present appointed counsel for assistance in this matter, present appointed counsel has failed to respond or assist applicant. Applicant will produce and show over (2) dozen correspondences with not one single written response as requested. (upon this honorable courts request)

Applicant with due diligence and every mean known to him has attempted to secure papers for the proper resolution of these matter. Applicant has written the clerk on several occassions requesting the record and responsive paper. errors continue, paper illegible, even other defendant's sent by mistake(s).

Applicant seeks a fair and equal trial. Applicant will humbly ask this Honorable Court to assist with ordering certified true and correct copies of the files and records. Applicant seeks important papers and document to proove this case and more often than not denied under Section 552.028, a governmental body is not required Comply with a request for information from an inmate as agent, other than the inmate's attorney.

35

even if the requested information pertains to the inmate. Applicant will provide all and any orginal denial responses of his due diligent search to provide this Honorable Court with necessary paper for a just ruling.

Applicant is aware he is not entitled to counsel in the filing of his Writ of Habeas Corpus. but humbly brings to the attention that his present appointed counsel will not respond to any written request for assistance or notice. These two (2) named causes/ Cause No 307125 and cause No. 319377 are relevant to pending charge and have collateral consequeces to pending charge. Applicant Law Library at the `BCADC' is meaingles inadequate, and in violation of federal law, torn books, out-dated, no pocket parts, long long lines, applicant has resorted to pillfering simple white online paper. Many on back of motions that are readily handed to inmates, for pro-se filing. Applicant submits exhibit(s) 13-A, 13-B, 13-C, 13-D

Cause setting where applicant unable to provide and proove this Honorable Court. (unreadable)


STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
I certify this page(s) which is (are) herewith attached, has not to my knowledge, been unlawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAY 27 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
DEPUTY

36

Applicant submits exhibit 14 for this Honorable Courts information see exhibit 14 Certified copy of Criminal Docket Cause No. 307125 . Applicant was (19) years of age on date of alleged said offense 4-17-83 . Applicant was (20) years of age when the alleged (Cause No 319377) was committed. Applicant was not a lawyer or ever trained in law. Applicant depended completely on the effective assistance of appointed counsel(s). Applicant was without funds to hire a lawyer of his choosing. Applicant was indigent and is a United States Citizen

Applicant received correspondence from trial counsel where probation was revoked and applicant was required to enter a Nolo plea. Applicant mailed copies of docket sheets exhibit 14, Counsel advised applicant he does not hold criminal files older than (10) ten years see exhibit 15

Applicant will challenge and contest all rights waive by the ineffective assistance of counsel. Applicant believes both

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is attached is a full, true and correct copy of the original on file and of record in my office.
ATTESTED:
GERARD RICKHOFF
COUNTY CLERK BEXAR COUNTY, TEXAS
BY:
DEPUTY

cause No 319377 full under specific laws statutes of the time allegedly committed. Ex Post facto collateral consequences and the reinterpretation

37

of statues which now (30) and (31) years have unintended collateral consequences. Applicants ineffective assistance of counsel ~~this is~~ representation affected applicant's due process rights, pleas, probation, appeals, jurisdiction, statutory immunity, statute of Frauds, limitations, identification, effective assistance of counsel, appellate rules and procedures, equal and fair trial, confrontation, speedy trial, enhancement, properly informed of the nature and cause of the accusation(s), witness against me, evidence, compulsory process, witnesses in my favor, impartial jury, violated by the ineffective assistance of counsel(s). Violations have so infected this cause of action into a collateral consequences, which applicant request proper and full investigation.



STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
the page to which this certificate is affixed may have been lawfully altered to redact confidential personal information but is otherwise a full, true and correct copy of the original on file and of record in my office.
ATTESTED:

MAY 27 2015

GERARD RICKHOFF
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:_____
DEPUTY

Applicant in good faith has requested certified copies from this Honorable County Clerk's office, Bexar County, on several occassions. each time different papers at times, other defendants legal papers, different number of pages at other times. Applicant submits Exhibit 16, Supplementary Report, where Chief probation officer, Bexar County, gives notice that applicant's expiration date has past _see exhibit 16_, Applicant Law Library access, Access to Courts is meaningless, inadequate, and humbly request this Honorable Court does not hold applicant to the high standards that lawyers have to be held to. This with the above and foregoing grounds, the improper conviction, probation improperly and outside of the law revoked, the contract between applicant and the state, invalid, filled with false documents, punishment outside of suspended agreed contract, counsel knew and should have known, could not legally revoked after he completed his probation, Applicant cannot believe the state could wait till whenever it pleased or, ineffective counsel allowed applicant's probation to be revoked. By that logic the state could still be waiting to revoke anyone's probation, years and months or days after it's completion without revocation.

39

Applicant was never advised by counsel of a magic date, day that the state could suspend revocation. Applicant requested and will continue to attest the alleged alagations to the 2ND D.W.I are not true and applicant continued and urged his counsel for trial by jury. Applicant never signed a waiver. Applicant repeatedly told his counsel that he wanted to challenged the sufficiency of the evidence to support the charge. Applicant repeatedly told counsel he was stopped in his front house.

Applicant humbly apologizes to this Honorable Court and states that the states copy of this motion is in bad shape, exhibits unavailkable for the proper reviewal. Applicant 'inmates' are not allowed to utilize the XEROX machine, no carbon paper or unlined white paper sold in commissary. Applicant has ingeniously figured and paid food rations to pillfer simple paper. from other inmates. Law Library access at times less than (4) hours for the entire month of November, applicant unable to properly file a writ. At times Code 2, stops inmate movement and prevents usage of elevators, upon eventually arriving at Law Library told that Law Library cannot control codes. thereby denying all allowed time Law Library access and meaniful Law Library access.

Applicant seeks a equal and fair opportunity to present his claim for relief. As the Law allows.

40

Applicant seeks the assistance of this Honorable Courts so that the proper ends of justice be met. Applicant seeks proper legal, AND effective assistance to properly file a Motion | writ | Petition | evidence in this cause. Proof of my challenge and the validity legaly of this charge.

[library stamp illegible]

41

## IX. Conclusion AND PRAYER

Applicant received ineffective assistance of counsel at trial because prior to entering into a plea in this case, Applicant was not properly advised by trial counsel of the guilty plea and the suspended sentence as qualified under the Misdemeanor Probation Act, and applicants constitutional right to appeal. Applicant received ineffective assistance of counsel where trial counsel where probation was revoked the consequences of entering into a plea agreement with a concurrent case And the collateral consequences, applicants right to appeal. and as a result of such ineffective assistance by trial counsel(s), Applicant's plea in this case was involuntary. Applicant prays that a writ of habeas corpus be issued by operation of law, and that this Court find that Applicant received ineffective assistance of trial counsel(s), rendering plea(s) involuntary. Applicant further prays that this trial court find that Applicant was not proper admonished by the trial court, no waiver exist. Applicant also prays that an evidentiary hearing be held such that applicant may present testimonial evidence supporting this Application for Writ of Habeas Corpus

Respectfully submitted

Robert Martinez, Pro Se
BCADC SID 327074

42

# VERIFICATION

(Complete <u>EITHER</u> the "oath before a notary public" <u>OR</u> the "inmate's declaration.")

## OATH BEFORE NOTARY PUBLIC

STATE OF TEXAS, COUNTY OF ___Bexar___.

___Robert Martinez___, BEING FIRST DULY SWORN, UNDER OATH, SAYS:

THAT HE/SHE IS THE APPLICANT IN THIS ACTION AND KNOWS THE CONTENT OF THE

ABOVE APPLICATION AND ACCORDING TO APPLICANT'S BELIEF, THE FACTS STATED

IN THE APPLICATION ARE TRUE.

_____
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS __12__ DAY OF __December 2013__

_____
Signature of Notary Public

IMELDA FIGUEROA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-11-2015

## INMATE'S DECLARATION

I, _____, BEING PRESENTLY

INCARCERATED IN _____, DECLARE UNDER

PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE

APPLICATION ARE TRUE AND CORRECT.

SIGNED ON _____.

_____
Signature of Applicant

#3

Pursuant to Federal law; I, Robert, Martinez, SID No. 327074, being presently incarcerated in the Bexar County Adult Detention Center, San Anto, Tx 78207, declare and deem this document and the foregoing to be filed this the 13 day of December, 2013. When I, Robert Martinez, placed this document in the internal prison mailing system.

In Hoc

Robert Martinez
Dec 13, 20 13

44

## XII. CERTIFICATE OF SERVICE

I, hereby certify that on this the 13 day of December, 2013, a true and correct copy of the above and foregoing Application for Writ of Habeas Corpus Pursuant to Article 11.072 of the Texas Code of Criminal Procedure was transmitted to the office of the Bexar County District Attorney, Criminal Justice Center, 101 W. Nueva, San Anto., Texas 78205

In Hoc

Robert Martinez, Pro Se
Applicant
BCADC SID No 327074
200 N. Comal
San Anto., Tx 78207

45

# Exhibit F

Good Faith Request to Dist. Clerk's Office

for Article 11.072 writ of habeas Corpus

Filed stamped marked
Sept 30, 2013

24 Sept. 2013

18 letter

Honorable District Clerk
Bexar County Texas

RE: Good Faith Request
Article 11.08 Writ of Habeas Corpus;
and Article 11.072 Writ of Habeas Corpus

Robert Martinez
BCADC SID No 327074
200 N. Comal
San Anto, Tx 78207

Greetings:

Requesting in Good Faith for a copy of

Article 11.08 And Article 11.072 WRIT OF Habeas Corpus.

Thank you

In Hoc

cc: file

Page 1 of 1

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2013 SEP 30 P 12: 28
DEPUTY _____

# Exhibit G

Letter; State Bar of Texas 'CAAP'
June 23, 2015

Letter; Law Office of
Pat Montgomery
June 23, 2015

with copy of
brief.



# STATE BAR OF TEXAS



Jessica A. Bergeman
Program Director

Client-Attorney Assistance Program
1-800-932-1900

June 23, 2015

Mr. Robert Martinez #1931397
1203 El Cibolo Rd.
Edinburg, TX 78542

> RE: Mr. Patrick B. Montgomery, Attorney at Law
> Record: #669498

Dear Mr. Martinez,

Thank you for contacting the State Bar of Texas regarding your concerns about the communication between you and Mr. Montgomery. He has since contacted our office, enclosed is a copy of his response.

Because the Client-Attorney Assistance Program (CAAP) has successfully re-established communication between you and your lawyer, this letter also serves to advise you that we will now be closing our file on this matter.

The CAAP staff is pleased to have been able to assist you. Please take a few minutes to fill out the enclosed postage-paid survey. Your response will be appreciated. If you have any questions, please feel free to contact me again at the address listed below or by dialing 1-800-204-2222, ext. 1764.

Sincerely,

T. Torres
Program Associate

Enclosure
cc: Mr. Patrick B. Montgomery, Attorney at Law

LAW OFFICE OF
# PAT MONTGOMERY

June 23, 2015

Robert Martinez
TDCJ #1931397
Lopez State Jail
1203 El Cibolo Road
Edinburg, TX  78542

Re:  Habeas Appeal, 04-14-00555-CR

Dear Mr. Martinez,

I have received notice from the CAAP that you have not received my appellate brief sent to you May 5, 2015.  I now enclose a copy of the brief.

The prosecutor's response to the brief is due July 3, 2015, unless they request an extension.  Once the prosecutor's brief is filed, the appellate court usually issues an opinion within a few months.

The issues you raise within your 100 page habeas corpus application should have been addressed by the trial court judge.  Instead, he denied your application.  He did not address any of your myriad claims regarding your 32 year old conviction.  He instead denied your application primarily because of the title to your application.  That title cited a law that allows habeas relief for people on probation.  Because you were not on probation, the trial court's analysis stopped there, and he denied your application.  In my opinion, he should have looked beyond your title, and addresses your claims under the appropriate habeas law.

Sincerely yours,

PAT MONTGOMERY
111 Soledad, Suite 300
San Antonio, Texas 78205
Tel (210) 225-8940    Fax (978) 285-4664

# NO. 04-14-00555-CR

IN THE

COURT OF APPEALS

FOR THE

FOURTH SUPREME JUDICIAL DISTRICT

SAN ANTONIO, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ROBERT MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ON APPEAL FROM COUNTY COURT AT LAW NUMBER 5

OF BEXAR COUNTY, TEXAS

CAUSE NUMBER 307125

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BRIEF FOR THE APPELLANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PAT MONTGOMERY
111 SOLEDAD, SUITE 300
SAN ANTONIO, TX 78205
(210) 225-8940  Fax (978)285-4664

STATE BAR NO. 14295350
Appellant's Attorney

# INDEX

INDEX.................................................................................................................................i

LIST OF PARTIES.............................................................................................................ii

TABLE OF AUTHORITIES..............................................................................................iii

STATEMENT OF THE CASE...............................................................................................1

FACTUAL HISTORY............................................................................................................2

PROCEDURAL HISTORY .................................................................................................2

POINT OF ERROR.................................................................................................................

**The trial court erred in denying Appellant's
Application for Writ of Habeas Corpus, after
the pro se Applicant mislabeled the Application
as made pursuant to Tex. Code Crim. Proc. Art
11.072, instead of Tex. Code Crim. Proc. Art 11.09.**

PRAYER...............................................................................................................................11

CERTIFICATE OF SERVICE............................................................................................11

# LIST OF PARTIES

ROBERT MARTINEZ was the trial Defendant below. Mr. MARTINEZ is now the Appellant in the instant appeal.

PAT MONTGOMERY represents the Appellant in the instant appeal. FRANK TEVINI , ELIZABETH CROWLEY, AND VINCENT CALLAGHAN represented the Appellant at the trial court.

The State of Texas is the Appellee. Assistant Bexar County District Attorney MARK LUITJEN AND GABE QUINTANILLA represented the State of Texas at the trial court. She appeared by and through her Assistant District Attorneys

District Attorney NICO LAHOOD now represents the Appellee State of Texas in the instant appeal, by and through her Assistant District Attorneys designated to handle the case.

Honorable Judges BENJAMIN SAMPLES and JASON PULLIAM presided over the trial court proceedings.

PATRICK B. MONTGOMERY
111 SOLEDAD, SUITE 300
SAN ANTONIO, TX 78205
(210) 225-8940   Fax (978)285-4664

STATE BAR NO. 14295350

# TABLE OF AUTHORITIES

## STATUTES

Texas Code of Criminal Procedure Art. 11.072 ............................................................2, 3, 4, 5

Texas Code of Criminal Procedure Art. 11.09 .................................................................3, 4, 5

Texas Code of Criminal Procedure Art. 11.21 .....................................................................4

## CASES

*Ex parte Davis*, 748 S.W.2d 555 (Tex.App.-Hous. (1 Dist.), 1988)............................................4

*Ex parte Mann*, 34 S.W.3d 716 (Tex. App.—Fort Worth 2000, no pet.)........................................6

*Ex Parte Wolf*, 296 S.W.3d 160 (Tex. App., 2009)............................................................5

*State v. Brabson*, 976 S.W.2d 182 (Tex. Crim. App., 1998)....................................................5

*State v. Evans*, 843 S.W.2d 576 (Tex.Crim.App.1992)........................................................5

*Lopez v. State*, 86 S.W.3d 228,  (Tex. Crim. App. 2002).......................................................6

*State v. Mechler,* 153 S.W.3d 435, (Tex. Crim. App. 2005)...................................................6

*State v. Moreno*, 807 S.W.2d 327 (Tex.Crim.App.1991).......................................................5

*State v. Savage*, 933 S.W.2d 497 (Tex.Crim.App.1996)........................................................5

## STATEMENT OF THE CASE

This is an appeal from the trial court's denial of a *pro se habeas corpus* collateral attack upon a more than thirty year old conviction for the offense of Driving While Intoxicated.

## FACTUAL HISTORY

The factual history of the offense itself cannot be determined by the record. There are no stipulations, no reports, no testimony, nor other documentary evidence within the Clerk's Record. There was no contested trial, and there is no Reporter's Record before the Court for appeal.

## PROCEDURAL HISTORY

The Appellant was convicted on May 18, 1983, in County Court at Law Number Five of Bexar County, in cause number 307125, for the offense of Driving While Intoxicated, alleged to have occurred on April 17, 1983. He was sentenced to three days in jail, a $350.00 fine, and two years of probation. He brought no direct appeal.

On February 23, 1984, while still on probation for the Driving While Intoxicated in cause number 307125, the Appellant was charged with Driving While Intoxicated in cause number 319377. The new Driving While Intoxicated charge, as well as some other alleged probationary violations, led to the filing of a Motion to Revoke Probation on April 28, 1984.

The trial court conducted a hearing on the Motion to Revoke Probation under trial court cause number 307125 on January 9, 1986. The trial court found the probationary violations to be true. The trial court then revoked the probation, and sentenced the Appellant concurrently on each case. No motion for new trial nor any appeal were filed or presented..

On May 12, 2013, approximately thirty years later, the Appellant was arrested and charged with Driving While Intoxicated. Due to his past Driving While Intoxicated convictions in cause numbers 307125 and 319377, the new Driving While Intoxicated case was charged as a felony.

While the new Driving While Intoxicated case was pending, the Appellant, *pro se*, initiated a trial court *habeas corpus* collateral attack upon the convictions in the thirty year old Driving While Intoxicated cases in 307125, and 319377. The Appellant mislabeled his Application as pursuant to Tex. Code Crim. Proc. Art 11.072. The Honorable Trial Court, Judge Jason Pulliam presiding, denied the Appellant relief. The Appellant then brought this appeal.

### *POINT OF ERROR:*

**The trial court erred in denying Appellant's Application for Writ of Habeas Corpus, after the *pro se* Applicant mislabeled the Application as pursuant to Tex. Code Crim. Proc. Art 11.072, instead of Tex. Code Crim. Proc. Art 11.09.**

The Appellant laid out myriad contentions within his *pro se* Application for Writ of Habeas Corpus, and the subsequently amended application. The trial court denied the Appellant's Application for Writ of Habeas Corpus, without addressing even one of the Appellant's issues.

The trial court concluded that as a matter of law, the Appellant's application was to be denied under Tex. Code Crim. Proc. Art 11.072. The trial Court held that under the Article, only persons who are currently under a supervision that has never been revoked may challenge a conviction. *Ex Parte Glass*, 203 S.W. 3D 856 (Tex. Crim. App. 2006).

Art. 11.072, governing certain habeas corpus applications, is entitled "Procedure In Community Supervision Case." The article establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision.

-2-

The Appellant labeled his *pro se* habeas corpus application as pursuant to Article 11.072. The Appellant alleged numerous issues within his Application. His issues included ineffective assistance of counsel, involuntariness of his plea, absence of any waivers, denial of confrontation and cross-examination, denial of right to his presence at the plea and revocation, denial of ten days to prepare from the date of attorney's appointment, constitutional inadequacies in the charging document, denial that he was the same person charged, an increase of his suspended sentence after revocation, lack of investigation into his case, missing papers in the record, denial of access to the courts, an illegal court appointment system, the fact that he was never advised of his right to appeal, and many other arguments, some of which are more cogent than others.

Tex. Code Crim. Proc. Art 11.072 was added by Acts 2003, 78th Leg., ch. 587, Sec. 1, eff. June 20, 2003, and amended by Acts 2013, 83rd Leg., R.S., Ch. 78 (S.B. 354), Sec. 3, eff. May 18, 2013. As such, Art 11.072 did not exist thirty years ago when the Appellant entered his plea.

The Honorable Trial Court's ruling was predicated upon the Art 11.072's requirements pertaining to probationary *habeas corpus* applications, specifically that a person must currently be serving probation or have completed a term of probation to seek relief under Art 11.072.

Unlike probationary *habeas corpus* applications, misdemeanor post-conviction *habeas corpus* applications are governed by Tex. Code Crim. Proc. Art 11.09.

Appellant's erroneous labeling of his *pro se habeas corpus* application as pursuant to Art. 11.072 probably was because of the use of the words misdemeanor and probation in the title of that article. The correct statute for the Appellant to cite to advance his habeas application was Tex. Code Crim. Proc. Art 11.09. If the Appellant's *pro se* application and its amendments had cited Art. 11.09 instead of Art. 11.072, then the trial court would have undoubtedly examined the Appellant's sworn claims, to determine if they merited any relief. The trial court's examination of the Appellant's application instead was limited to the Appellant's erroneous statutory citation.

-3-

Misdemeanor *habeas* procedure and requirements prior to the enactment of Art. 11.072 were only those delineated in Tex. Code Crim. Proc. Art 11.09. That article is entitled "Applicant Charged With Misdemeanor." and it reads as follows: "If a person is *confined* on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, or if there be no county judge in said county, then to the county judge whose residence is nearest to the courthouse of the county in which the applicant is held in custody." [emphasis added]

Appellant in the instant case is "confined," as that term is defined by Tex. Code Crim. Proc. Art. 11.21. Art 11.21 is entitled "Constructive Custody," and it states that the words "confined", "imprisoned", "in custody", "confinement", "imprisonment," refer not only to the actual, corporeal and forcible detention of a person, but likewise to any coercive measures by threats, menaces or the fear of injury, whereby one person exercises a control over the person of another, and detains him within certain limits.

The Appellant herein is in constructive custody of the misdemeanor conviction pursuant to Art 11.21, because he suffers coercive measures and threats associated with his subsequent charge, specifically that the new Driving While Intoxicated charge was brought as a felony due to the allegedly unlawful conviction in the instant case.

In *Ex parte Davis*, 748 S.W.2d 555 (Tex.App.-Hous. (1 Dist.), 1988), an applicant for an Article 11.09 writ who had served out his misdemeanor sentence and had paid his fine was nonetheless considered to be confined under Art. 11.21, since he was not permitted to enlist in military service due to his misdemeanor conviction. "We conclude that a void misdemeanor conviction constitutes 'confinement' or 'restraint' as defined by the statutes and also constitutes the necessary collateral legal consequences that would invoke the writ powers of this Court."

-4-

In *Ex Parte Wolf*, 296 S.W.3d 160 (Tex. App., 2009), an applicant's inability to obtain employment in the banking industry after a misdemeanor conviction met the confinement requirement of Art. 11.09, because the unemployability was a collateral consequence pursuant to state action.

It was readily evident from the Applicant's application that he sought *habeas corpus* relief from the trial court for his conviction thirty years ago. It was readily evident that he was not currently on probation , and that his probation had been revoked, and Art. 11.072 did not apply.

Reading his application beyond his *pro se* label, it was also readily evident that the application was authorized by Tex. Code Crim. Proc. Art. 11.09, not by Art. 11.072. It should have been handled accordingly by the trial court. It was error, and an abuse of discretion to handle it otherwise. The Honorable Trial Court should have conducted a hearing wherein the Appellant was afforded the opportunity to develop the record regarding his sworn allegations, and to attempt to prove the allegations by a preponderance of the evidence to obtain relief.

The Texas Court of Criminal Appeals has said that the label of a proceeding is not necessarily dispositive of the nature of a proceeding. For one example, in *State v. Brabson*, 976 S.W.2d 182 (Tex. Crim. App., 1998), in determining a collateral estoppel issue, the court held that applicability "does not depend on the mere 'label' of the proceeding." See also *State v. Moreno*, 807 S.W.2d 327 (Tex.Crim.App.1991).

An appellate court, in determining its jurisdiction, must look to the effect of a court's order, not summarily what the motion or order has been labeled. See *State v. Evans*, 843 S.W.2d 576 (Tex.Crim.App.1992). See also *State v. Savage*, 933 S.W.2d 497 (Tex.Crim.App.1996), holding that a reviewing court can look past label assigned to motion to determine whether it is "functional equivalent" for another type of motion. A trial court in determining its jurisdiction, should also look to the intended effect of a pleading, not simply what the pleading been labeled.

-5-

The standard of review for a denial of a habeas corpus application is abuse of discretion. A ruling from a trial court in a habeas application will not be reversed without a clear abuse of discretion by the trial court. *Ex parte Mann*, 34 S.W.3d 716 (Tex. App.—Fort Worth 2000, no pet.);

*State v. Mechler*, 153 S.W.3d 435, (Tex. Crim. App. 2005) states that a trial court abuses its discretion only if its ruling is arbitrary or unreasonable. See also: *Lopez v. State*, 86 S.W.3d 228, (Tex. Crim. App. 2002). It is arbitrary and unreasonable to rule based on an erroneous label.

## SUMMARY

It was error for the trial court to summarily deny the Appellant's Application for Writ of Habeas Corpus simply because it was mislabeled with the wrong Texas Code of Criminal Appeals Article number by the pro se Applicant. Appellant's sworn pleading clearing demonstrated his intent to collaterally attack his conviction. He should be permitted to make his claims.

## PRAYER

Appellant prays that this Honorable Court reverse the Honorable Trial Court, and remand the case for a hearing on the merits in his Application for Writ of Habeas Corpus.

Respectfully submitted,
/s/_____
PAT MONTGOMERY, TBN 14295350
111 SOLEDAD, SUITE 300
SAN ANTONIO, TX 78205
(210) 225-8940  Fax (978)285-4664

### Certificate of Service and Word Count

Undersigned counsel certifies that the word count by software is 2234.
Undersigned counsel certifies that this brief has been filed electronically with the e-file system, which will deliver an electronic copy to the Bexar County District Attorney's office.
Undersigned counsel certifies that contemporaneously with the filing of this brief, counsel has mailed a copy of this brief to the Appellant, ROBERT MARTINEZ
/s/_____
PAT MONTGOMERY

COA No. 04-14-00555-CR
PD - 0150-16
Trial Court Cause NO. 307125

## IN THE COURT OF CRIMINAL APPEALS

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT |
| VS. | _____ JUDICIAL DISTRICT |
| Robert Martinez | BEXAR COUNTY, TEXAS |
| | From County Court No 5 |

### PAUPER'S OATH

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, _Robert Martinez_ Defendant in the above styled and numbered who deposes and says: That he is a citizen of the United States, and is the Defendant in the cause and feels he has a good and just cause of action; that he is an indigent person without funds and he is therefore unable to pay the costs of prosecuting the above and foregoing action or to give security thereof, and therefore requests the Court's permission to proceed in *forma pauperis*.

_____
Defendant

STATE OF TEXAS    *   *   *   *   *

COUNTY OF BEXAR    *   *   *   *   *

Before me, the undersigned authority, on this day personally appeared _Robert Martinez_, who stated on oath that the information contained in the forgoing instrument is true and correct.

Given under my seal of office on this the _9th_ day _June_, _2016_

IMELDA FIGUEROA
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 01-07-2020

_____
Notary Public

**STATE BAR OF TEXAS**

P.O. Box 12487, Austin, Texas 78711-2487

1960



CONFIDENTIAL
LEGAL MAIL



Mr. Robert Martinez #1931397
1203 El Cibolo Rd.
Edinburg, TX 78542

U.S. POSTAGE >> PITNEY BOWES

ZIP 78701
02 1W $ 000.92⁵
0001360192 JUN 24 2015

Robert Martinez
TDCJ ID No 1931397
BCADC SID No 327074
200 N. Comal
San Anto, Tx 78207

Legal mail

USPS TRACKING #
UNITED STATES POSTAL SERVICE

9114 9014 9645 0648 8136 43

USPS TRACKING #
& CUSTOMER RECEIPT
9114 9014 9645 0648 8136 43
For Tracking or inquiries go to USPS.com
or call 1-800-222-1811.

Label 400  Jan. 2013
7690-16-000-7948

PROCESSED
JUN 15 2016
BCADC Mailroom Dept.

UNITED STATES POSTAL SERVICE
PRIORITY MAIL
For Domestic Use Only
★ TRACKED ★ ★ INSURED INC ★
Label 107R, July 2013

Court of Criminal Appeals
Capitol Station
P.O Box 12308
Austin, Texas 78711

neopost
06/15/2016
US POSTAGE $006.80
PRIORITY M
ZIP 78205
041M122500